# THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *vs.* THE SAFE DEPOSIT AND TRUST CO., TRUSTEE.

*Validity of Statute Providing that Personal Property Held in Trust Shall be Taxed at the Place of Residence of the Beneficial Owner—Constitutional Law.*

The Act of 1902, ch. 486, provides that all bonds, certificates of indebtedness, etc., and all personal property in which any resident of a county of this State has an equitable interest, with the legal title to the same in some other person or corporation who is a resident of some other county or of the city of Baltimore shall be valued and assessed for the purpose of taxation to the equitable owner in the county in which he resides, and the taxes due thereon shall be paid to the collector of taxes for the county or city in which said property is so valued and assessed. *Held*, that when property is held in trust there are two persons each of whom is in a certain sense the owner, viz., the trustee who holds the legal title and the *cestui que trust* who is the beneficial and substantial owner, and that the Legislature has the power to prescribe that for the purposes of taxation property held in trust shall be treated as belonging to its substantial owner and not to its technical owner; and further that the Act of 1902, ch. 406, is not in conflict with Article 15

of the Bill of Rights, which declares that every person "holding property" in this State ought to contribute his proportion of taxes, nor is it in conflict with Constitution, Art. 3, sec. 51, which provides that personal property of residents in this State shall be subject to taxation where the resident *bona fide* resides for the greater part of the year.

*Held*, further, that when the personal property held in trust consists of shares of stock in corporations of this State, the Act of 1902, ch. 406, being *in pari materia* with the existing laws requiring the corporation to pay the taxes on its stock for the stockholder, the two laws should be construed together, and the residence of the *cestui que trust* be treated as the *situs* for taxation, and the' taxes be paid by the corporation in accordance with the system in force for the payment of such taxes.

*Held*, further, that the Act of 1902, ch. 406, is not construed to be effectual in so far as it may conflict with Constitution, Art. 3, sec. 51, which directs that goods and chattels permanently located shall be taxed in the city or county where they are so located.

Appeal from Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Olin Bryan* and *Albert C. Ritchie*, for the appellants.

*W. Burns Trundle* and *Osborne I. Yellott* (with whom was *Edwin T. Dickerson* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal raises the question of the validity of the Act of 1902, ch. 486, which prescribes the method of assessment and taxation of personal property held in trust. The property involved in the present controversy consists of bonds of railroad and traction companies and stock of a railroad company chartered in Maryland, so that the precise issue now before us is that of the validity of the Act in so far as it relates to personal property of that character.

The Act under consideration adds a new section to Art. 81 of the Code of Public General Laws title "Revenue and Taxes" to be designated as sec. 221 and to read as follows: 221. "All bonds, certificates of indebtedness, or evidence of debt, in whatsoever form, made or issued by any public or

private corporation, incorporated by this State or any other State, territory, district or foreign country, or issued by any State, territory, district or foreign country, and all personal *property of any kind whatsoever*, not exempt from taxation by the laws of this State, in which any resident of any county of this State, has an equitable interest, with the legal title to the same in some other person or corporation who is a resident of some other county of this State or of the city of Baltimore, or (in the case of a corporation) which has its main office or principal place of busines in some other county in this State or in the city of Baltimore, shall be valued and assessed for the purposes of State and county taxation to the equitable owner thereof in the county in which he or she resides, to the extent of his or her equitable interest as aforesaid, and the taxes due thereon shall be paid by the holder of said legal title to the collector of taxes for the county or city in which said property is so valued and assessed."

Then follows a section repealing all inconsistent prior legislation.

It appears from the present record that the appellee, which is a corporation having its main office in Baltimore City, had in its possession $28,890 worth of railroad and other bonds in trust for Noah Walker, a resident of Baltimore County, and $22,930 worth of similar securities, including however 24 shares of stock of The Philadelphia, Wilmington and Baltimore Railroad Co., in trust for Emily R. Hoff, who is also a resident of Baltimore County. It is admitted that these securities were liable to assessment and taxation for the year 1903. The appellee, having been assessed on the tax books of Baltimore City for all of these securities, applied by petition to the Appeal Tax Court of that city to correct its assessment, by striking therefrom the securities, upon the ground that under the Act of 1902, ch. 486, it was required to pay the taxes on them for the year 1903 to the Collector of Taxes for Baltimore County where the equitable owners resided. The Appeal Tax Court rejected the application and refused to correct the assessment. The trustee thereupon appealed

under the statute, to the Baltimore City Court which relying upon the Act of 1902, passed its order of April 1st, 1903, from which the present appeal was taken, directing the Appeal Tax Court to abate the assessed value of the securities from the trustee's assessment list.

It has long been settled that the power of taxation belongs exclusively to the legislative branch of the government and that the Legislature, except as restricted by the Bill of Rights and Constitution, has the absolute power of taxation over all the property within the State. *Faust* v. *Building Assn.*, 84 Md. 192; *State* v. *Mayhew*, 2 G. 487; *State* v. *Sterling*, 20 Md. 516–517; *United States* v. *New Orleans*, 98 U. S. 392; *Merriweather* v. *Garrett*, 102 U. S. 472; *Savings Society* v. *Multenomah Co.*, 169 U. S. 421.

The Court has also repeatedly recognized and upheld the power of the Legislature to fix the *situs* of personal property for purposes of assessment and taxation. *M. & C. C. of Balto.* v. *Balto. City Pass. R. Co.*, 57 Md. 31; *Am. Coal Co.* v. *County Commrs. of Allegany Co.*, 59 Md. 185; *Baldwin* v. *Washington Co.*, 85 Md. 157; *Corry* v. *M. & C. C. of Balto.*, 96 Md. 320, 321.

As the Act of 1902 specifically fixes the *situs* for purposes of taxation of personal property held in trust at the residence of the beneficial owner, the order appealed from was properly passed unless the Act is to be regarded as in conflict with some of the provisions of the Bill of Rights or the Constitution. The appellant contends that it does conflict with Art. 15 of the Bill of Rights, which declares that every person " holding property " in this State ought to contribute his proportion of taxes, and they rely upon the case of *Latrobe* v. *Baltimore*, 19 Md. 13, as deciding that the holder of property there referred to is the holder of its legal title and not the owner of the beneficial interest in it. They also rely upon sec. 51 of Art. 3 of the Constitution, which provides that "personal property of residents in this State shall be subject to taxation where the resident *bona fide* resides for the greater part of the year," as requiring all personal property, except

those classes of it which are excepted in the latter part of
the section, to be taxed in the county where its legal owner
resides.

In the case of *Latrobe* v. *Baltimore*, 19 Md. 13, which was
decided long prior to the passage of the Act of 1902, ch. 486,
our predecessors undoubtedly held that, under the law as it
then stood, the *situs* for purposes of taxation of personal prop-
erty held in trust was the residence of the trustee and not that
of *cestui que trust* and that the trustee in whom the legal title
was vested was the holder of the property under the 15th
Article of the Bill of Rights.   In that case, however, they
arrived at their conclusion upon the general principles regu-
lating taxation when not modified by statute for they preface
their opinion with the statement:   "We are not aware that
the Acts of Assembly regulating the imposition and collection
of taxes have effected any modification of the rules of law
which otherwise must govern the determination of this ques-
tion."   Applying those general rules to the case before them
they held that as the obligation under the 15th Article of the Bill
of Rights to pay taxes according to actual worth was a legal
one and the estate in the hands of a trustee had the legal inci-
dents and obligations of an absolute title the obligation fell
upon him, and he was the proper person to be assessed for
the payment of the taxes, and that through him it reached
and fastened upon the interest of the beneficial owner.   Upon
the same principles the Court there held that the Acts of 1841,
ch. 23, 1847, ch. 246, and 1852, ch. 327, requiring all prop-
erty owned by residents of this State, and not permanently
located elsewhere within the State, to be valued to the owner
at his place of residence referred to the ownership of the legal
estate without regard to the ownership of the equitable title
or use.

That the decision in *Latrobe* v. *Baltimore*, was intended to
go no further than we have said is apparent from the fact that
when it afterwards for the first time came before this Court for
consideration in *Tyson* v. *The State*, 28 Md. 587, it was con-
strued to have determined only " *that in the absence of any law*

*regulating the imposition and collection of taxes* the trustee holding the legal title was properly chargeable with the tax." When the case recently came before us again in *Cherbonnier* v. *Bussey*, 92 Md. 422. we cited Tyson's case along with it in our opinion as showing that it was only " in the absence of any law regulating the imposition and collection of taxes" that the trustee was held chargeable with the tax. We therefore find nothing in the interpretation of the 15th Article of the Bill of Rights adopted in *Latrobe* v. *Baltimore*, as that case ha been construed by this Court, to impair the validity of the Act of 1902 in regulating the assessment and taxation of the class of personal property involved in the present case.

It is not necessary to refer to the cases of the *Mayor and C. C. of Baltimore* v. *Stirling*, 29 Md. 48; *Appeal Tax Court* v. *Gill*, 50 Md. 377, and *Appeal Tax Court* v. *Patterson*, 50 Md. 354, relied on by the appellant, further than to call attention to the fact that they were all decided before the Legislature had made provision by statute, as it has specifically done by the Act of 1902, for the assessment for taxation of personal property held in trust to the *cestui que trust* and not to the trustee. It is obvious therefore that those cases cannot be regarded as controlling the determination of the issue arising upon the present record.

When property is held in trust there are two persons each of whom is in a certain sense its owner. The trustee who holds the title is the owner in a legal and technical sense but the *cestui que trust* is the beneficial and substantial owner. We do not think that the Legislature has exceeded its power over the subject of taxation or violated any of the provisions of the Bill of Rights or Constitution in providing that personal property of the kind involved in this case, shall, for purposes of assessment and taxation, be treated as belonging to its substantial owner and not to its technical holder.

When the personal property held in trust consists, as a small portion of that now before us does, of stock in corporations of this State, the Act of 1902 being *in pari materia* with the existing laws requiring the corporation to pay the

taxes on its stock for the stockholder, the two laws should be construed together and the residence of the *cestui que trust* be treated as the *situs* for taxation and the taxes be paid by the corporation in accordance with the uniform system in force in this State for the payment of such taxes.

We must not be understood by what we have said in this opinion to hold that the Act of 1902 is valid or effectual in so far as it may conflict with the special provision made by sec. 51 of Art. 3 of the Constitution for the taxation of goods and chattels permanently located or of mortgages and the debts thereby secured, or that the Act was intended to apply to leaseholds or any other interest in lands.

From what we have said it follows that the order appealed from must be affirmed.

*Order affirmed with costs.*

(Decided July 1st, 1903.)