# J. WILSON HUMBIRD

## vs.

## STATE TAX COMMISSION.

*Taxation—Equitable Interests—Non-Resident Trustees—Life Tenant—Liability for Taxes—Notice.*

A decision by the State Tax Commission, based on a finding by it, as a matter of fact, that one was a non-resident of Maryland, cannot be disturbed on appeal to the courts.      p. 408

Code, art. 81, sec. 215, providing for the assessment of personal property to the equitable owner, in the county of his residence, when the legal title is vested in a resident of some other county of this State or of the City of Baltimore, does not apply when one only of three trustees is a resident of this State, since the legal title is vested in the three trustees, and not in the resident trustee.      p. 410

Code, art. 81, sec. 2, providing for the assessment of personal property to the equitable owner, if he is resident in this State and the legal title is in a non-resident, applies when one of three trustees is a resident, and the other two are non-residents.      p. 411

In Code, art. 81, sec. 215, providing that personal property, the legal title to which is in a non-resident of the State, and in which a resident has an equitable interest, shall be assessed to the equitable owner "to the extent of his or her equitable interest," does not restrict the assessment to the value of the equitable interest of such owner. it providing, not for the valuation or assessment of the equitable interest, but for the valuation of the property in which such interest is held.      pp. 412, 413

That the equitable holder of a life estate in certain property is required to pay taxes on the whole property involves no unfair burden upon him, the general rule being that the beneficiary taking the benefits of the estate shall also bear the burden of such charges as are necessary to secure to him the enjoyment of the benefits which he receives.      p. 414

One who himself invoked the exercise of the appellate power of the State Tax Commission, was present at the hearing by the commission, gave evidence, and was heard, cannot contend that the commission, in increasing the assessment on his property, did so without notice to him.                    p. 415

*Decided June 23rd, 1922.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Proceeding by J. Wilson Humbird by way of appeal from an order of the State Tax Commission of Maryland. From an order ratifying and confirming the order of the commission, said Humbird appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Ferdinand Williams,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *J. Purdon Wright, Assistant Attorney General,* and *Lloyd Lowndes, Attorney for County Commissioners of Allegany County,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This appeal was taken from an order of the Circuit Court for Allegany County ratifying and confirming an order of the State Tax Commission of Maryland, assessing against J. Wilson Humbird, for purposes of state and municipal taxation "securities held by non-resident trustees of the estate of Jacob Humbird, deceased, in which J. Wilson Humbird has an equitable interest (1/6 of $1,305,842) equal $217,-640."

The main question presented by the appeal is whether the appellant's share of the estate of Jacob Humbird should be

assessed at the value of the property itself, or whether it should be assessed at the value of his use of it, or the value of his equitable estate therein. Subsidiary to that main inquiry are three others, one a question of law and fact, which is whether David Humbird was at the time of the assessment a resident of Maryland, and two, a question of law, which is, if two of three trustees in possession of a trust estate consisting of intangible personal property are nonresidents of Maryland while one resides therein, is the share of the owner of an equitable interest in such property who resides in Maryland to be assessed for taxation under the provisions of section 2 of article 81, Code Pub. Gen. Laws of Maryland, or under the provisions of section 215 of said article, and three, also a question of law, which is, in either case is such assessment to be made according to the value of the property from which the beneficiary's income issues, or according to the value of said *cestui que trust's* equitable interest therein.

The facts from which these questions arise are these: Jacob Humbird, late of Cumberland, Allegany County, Maryland, deceased, left an estate, now composed solely of intangible personal property, which under the terms of his will is held by three trustees for the use of the testator's children for their respective lives and at their death for their heirs in fee. The appellant, one of the children and a *cestui que trust* named in the will, resides in Maryland. The securities composing the estate are held outside of the State, and two of the three trustees reside out of the State, while the residence of the third trustee is in dispute. The value of each child's share was over two hundred thousand dollars, but until 1921 the appellant's share of the estate had only been assessed at $30,000. On April 1st of that year he was notified that that assessment had been increased to $179,850, and given an opportunity of being heard on the increase. He filed objections, which were heard by the County Commissioners of Allegany County, who assessed the property at $208,650. From that order appellant appealed to the State Tax

Commission, which increased the assessment to $217,640. From that order the present appeal was taken.

It is conceded that if David Humbird, one of the trustees, is a non-resident of Maryland, that the property should be assessed under section 2, article 81, Code Pub. Gen. Laws of Maryland, and it is therefore important to know whether David Humbird did or did not reside in Maryland at the time the assessment was made. The appellant in his petition filed with the State Tax Commission asserted that "this property so held by said trustees for the purpose of carrying out said trust in favor of your appellant and others, consists wholly of personal property, such as stocks, bonds, notes and other property known as intangible personal property, and all the same is held by said trustees, two of whom reside in the State of Washington and the third one residing part of the year in Wisconsin and part in Florida, and said trust property being all kept at the office of said trustees in a bank in the City of St. Paul, Minnesota." In his petition filed in the Circuit Court for Allegany County he said that David Humbird was a resident of Montgomery County, Maryland. In an agreement of counsel filed in the case, it was agreed that in his testimony before the State Tax Commission he said that David Humbird resided in Montgomery County, Maryland, while, in the testimony taken before the County Commissioners, he said: "The original trustee was my brother, John A. Humbird. Present trustees: Thomas J. Humbird, residence, Spokane, Washington; William H. Farnham, Spokane, Washington; David Humbird, who spends most of his time in Hudson, Wisc., between there and Florida." If the decision of the State Tax Commission rested upon its finding as a matter of fact that David Humbird was a non-resident of Maryland, we could not, upon that evidence alone, disturb the finding (*Fidelity Trust Company* v. *Gorman*, 134 Md. 340), and we might rest our decision upon that conclusion, but as the other questions stated above involve legal principles affecting the liability of the taxpayer and the

revenues of the State, and since they were fully argued by counsel, we will also consider them.

Section 2, article 81, Code Pub. Gen. Laws of Maryland in part provides:

"All personal property in which any resident of this State has an equitable interest with the legal title to the same in some other person or corporation who is a non-resident shall be valued and assessed for the purpose of state, county and municipal taxation to the equitable owners thereof in the county or city in which he, she or it resides, and such equitable owner or owners shall pay the tax thereon."

Section 215, *Ibid.,* provides:

"All bonds, certificates of indebtedness or evidence of debt, in whatsoever form, made or issued by any public or private corporation incorporated by this State or any other state, territory, district or foreign country, or issued by any state, territory, district or foreign country, and all personal property of any kind whatsoever, not exempt from taxation by the laws of this State, in which any resident of any county of this State has an equitable interest, *with the legal title to the same* in some other person or corporation who is a resident of some other county of this State or of the City of Baltimore, or (in the case of a corporation) which has its main office or principal place of business in some other county in this State or in the City of Baltimore, shall be valued and assessed for the purposes of State and county taxation to the equitable owner thereof in the county in which he or she resides, to the extent of his or her equitable interest as aforesaid, and the taxes due thereon shall be paid by the holder of said legal title to the collector of taxes for the county or city in which said property is so valued and assessed."

The appellant contends first that if David Humbird, one of the three trustees, is a resident of Maryland, although the

other two are non-residents, nevertheless the appellant's interest in the estate must be assessed under the provisions of section 215 of the said Code and not under the provisions of section 2 thereof. That position in our opinion involves a contradiction in terms of the very language of the statute and is entirely untenable. The operation of that statute depends upon the precedent concurrence of certain conditions which it prescribes, that is to say, the "legal title" to the property referred to in the statute must be in some person who is a resident of some county of this State or the City of Baltimore, and an equitable interest therein must be held by a person resident in another county of this State, or in the City of Baltimore, and since the "legal title" means the entire legal title, it cannot well be argued that the "legal title" to the property with which we are dealing now, and which is vested in three trustees, two of whom reside without the State, can be said to be vested in "a person" who is a resident of some county of the State or the City of Baltimore. The words "person or corporation" were obviously designed to cover and describe whomsoever or whatsoever could hold title to such property and, where the title was in several, it was intended to apply to and describe the aggregate or sum of all the parts or interests, and where it was held by several persons in a representative capacity it was intended to apply to and describe all the persons sharing the office as constituting one person. If three persons owned an acre of ground as joint tenants or as co-trustees, it could not be said that the legal title to that land was in each or in any one of the three, since it was in all of them and anything less than the sum of the three interests would be less than the "legal title."

This seems to be self evident and to necessarily result from the words used in the statute. 26 *R. C. L.* 1333. To hold that where the entire legal title to the property is in three persons, the entire legal title to it is also in each of the three persons would be to hold that a part is equal to the whole.

In our opinion, therefore, the "legal title" to the property in question is not in a "person or corporation" resident in

this State, and the interest of the appellant in it cannot be assessed under the provisions of section 215, article 81, Code Pub. Gen. Laws of Maryland.

On the other hand it is clearly within the provisions of section 2, *Ibid.,* which provides: "All personal property in which any resident of this State has an equitable interest with the legal title to the same in some other person or corporation who is a non-resident shall be valued and assessed for the purposes of state, county and municipal taxation to the equitable owners thereof in the county or city in which he, she or it resides and such equitable owner or owners shall pay the taxes thereon." The statute clearly intends that the "legal title" to all property in which a resident of this State holds an equitable interest shall be in either a resident or a non-resident of this State and since, for the reasons stated above, it is not in a resident of the State, it must therefore be in a non-resident.

It is conceded that the property itself is not in the State, and that it is held by two trustees who are not residents of the State with David Humbird jointly.

This is not a case where the right to the possession of the estate in the hands of the trustee is involved, but the question here is whether in case two out of three co-trustees holding in trust personal property are non-residents of the State and one is a resident, such property is to be treated as held by a non-resident under section 2 of article 81, Code Pub. Gen. Laws. The legal title to the property was clearly not in "a person" residing in this State, even if one of the three trustees did live here. On the other hand, speaking literally, in that case the whole legal title was not in the two non-resident trustees. And if we were to accept the literal significance of the language of the statute, it could be said that, since the legal title to the property was not in a resident of the State, the property could not be assessed under section 215, and, since it is not in a non-resident, the property cannot be assessed under section 2, article 81, and therefore it is not

taxable at all. Such a construction is not only unreasonable, but it ignores the manifest purpose of the statutes which, in each case, is to subject the interests of a *cestui que trust* resident in this State in trust funds to taxation. It certainly was not the intention of the Legislature to tax such interests when all of the trustees holding the legal title lived out of the State or all lived in the State, and not to tax it when one of several co-trustees resided in the State while the others resided out of the State. The thing which determined in each statute the question as to whether the property was taxable was the fact that a resident of this State owned an equitable interest in the property. When therefore in section 2, *Ibid.,* it is said that such property shall be assessed to the equitable owner in cases where the legal title to the property is in a non-resident, the expression is equivalent to saying that such property shall be assessed to the equitable owner in cases where the person in whom the legal title rests does not reside in this State. In other words, it is the converse of section 215, article 81, *Ibid.,* which provides for the taxation of such property where the title to the property is in some person residing in this State, and together they were designed to subject all equitable interests in trust funds held by residents of this State to taxation. But if the property could be assessed under section 215, is there any reason why it should be assessed differently than it would if assessed and valued under the provisions of section 2, *Ibid?* The character of the property to be assessed is identical in each instance, and the manner in which it is held is the same. Why then should there be any distinction or difference in the valuation or assessment of property under these statutes.

There is no doubt but that under section 2 of article 81, the property itself in which the equitable interest is held is to be assessed, and the question is whether in section 215, *Ibid.,* the Legislature intended to prescribe a different standard, measure or method of valuation and assessment, when it said that "all personal property * * * in which any resident of any county of this State has an equitable interest * * *

shall be valued and assessed * * * to the equitable owner thereof * * * to the extent of his or her equitable interest." The appellant contends that the phrase "extent of his or her equitable interest," means the present value, not of the property in which the equitable interest inheres, as provided in section 2 of the same article, but of the equitable interest itself. But if the Legislature had intended that to be done, it would have said that the equitable interests of residents of this State in personal property should be assessed to the owner thereof according to the present actual value of such interests, instead of saying that the property "in which" such interest may be held shall be valued and assessed according to the extent of the equitable interest. In other words, it nowhere provides for the valuation or assessment of the equitable interest, but only provides for the valuation of the property in which such interest is held, and it only uses the extent or quantity of the interest as a gauge to measure the amount or proportion of the property to be so valued. The argument of the appellant depends largely upon the interpolation of the word "value" in the phrase under consideration, so as to make it read "to the extent of the *value* of his or her equitable interest" instead of "to the extent" of such interest as it now stands. There is no justification in our opinion for so radical an amendment by any process of judicial construction of the language of the statute.

The appellant complains that the construction which we have adopted places an unfair burden upon the holder of the life estate, since it requires him to pay taxes on the whole property while he owns and enjoys a constantly lessening interest in it, which is worth only a small fraction of the value of the property itself. But to that complaint there are two answers, one, is that section 2 of the same article clearly indicates that the policy of the State is to value and assess the property from which such equitable interests spring rather than the equitable interests therein, in cases where the legal title is in a non-resident, and while there is a reason for

making the distinction in the method of collecting the taxes levied on the property by providing that, in cases where the trustee is a non-resident, the resident beneficiary, who may be reached, shall pay the tax instead of the non-resident trustee who cannot be reached, while in cases where both trustee and beneficiary are residents the beneficiary shall pay, there is no reason for any distinction in the amount of taxes which shall be paid. If the appellant's contention is sound, then the assessment of personal property held by a non-resident trustee for the use of a resident beneficiary could be substantially reduced if the trustee became a resident of the State. Certainly no such result could have been contemplated or intended in the enactment of the statute codified as section 215 of Article 81.

The other answer to the appellant's contention is that it contemplates that the corpus of the estate should be taxed for the benefit of the holder of the equitable or life interest. The general rule as to the payment of taxes in such cases is that "it is the duty of a trustee to pay all taxes assessed on the trust estate, and, after he has paid them, he is entitled to credit therefor and reimbursement, in case he has made payment out of his own funds. Taxes generally are chargeable to and payable out of the income, or the life tenant's interest, except where the property is unproductive and yields no income, or where an intention that they shall be payable out of the corpus is manifested in the instrument creating the trust." 39 *Cyc.* 337. The underlying reason for the rule is that while the beneficiary takes the benefits of the estate he shall also bear the burden of such charges as are necessary to secure to him the enjoyment of the benefits he receives, since it would be obviously unjust to permit him to receive all the profits of the estate and to charge the expenses incurred in collecting such profits to the corpus at the expense of the remaindermen.

In our opinion, for the reasons stated, there was no error committed in assessing the property in which the appellant

held an equitable interest against him according to the present fair value thereof instead of valuing only the appellant's life estate therein.

The objection is also made that the State Tax Commission increased the amount assessed against the appellant by the County Commissioners of Allegany County without notice to him. Whilst this objection, if well founded, would unquestionably affect the validity of the order appealed from, there is nothing in the record to support it. The appellant himself invoked the exercise of the appellate power of the State Tax Commission, and upon such appeal the commission was authorized to hear the case *de novo* and to "decide on the proper assessment." Sections 18 (codifying chapter 167, Acts 1908) 19, 245, article 81, Code Pub. Gen. Laws of Maryland. The appellant was present at that hearing, appears to have given evidence and was heard, and, after the hearing upon the evidence and data before it, the commission decided "on the proper assessment." Under such circumstances it is not easy to understand how the appellant can say that he was not notified of the commission's action.

Having examined all the objections to the order appealed from which we were, under the statutes authorizing the appeal, allowed to consider, and having found no error in the action of the State Tax Commission of Maryland, the order appealed from will be affirmed.

*Order affirmed, with costs.*