GEORGE P. McCENEY *v.* COUNTY COMMISSION-
ERS OF PRINCE GEORGE'S COUNTY ET AL.

*Taxation—Trust Estate—Assessment in Two Jurisdictions.*

If property is taxed but once in Maryland, the fact that it is also taxed in the District of Columbia does not create a case of double taxation.                                                    pp. 27, 28

The interest of a beneficiary in a trust estate consisting of stocks and bonds is property owned by him, for which, as a

resident of Maryland, he may be assessed for the purpose of Maryland taxation, although the estate is also assessed to the trustees for the purpose of taxation in the District of. Columbia, and the taxes there levied are paid out of the income to which such beneficiary is entitled.                            pp. 27-30

Code, art. 81, sec. 2, providing that personal property in which a resident of the state has an equitable interest, with the legal title in a non-resident, shall be assessed to the equitable owner in the county or city in which he resides, applies to the interest of a Maryland beneficiary under a trust, with the legal title in non-residents, without regard to where and how the trust originated.                                          p. 30

*Decided March 24th, 1927.*

Appeal from the Circuit Court for Prince George's County (MATTINGLY, J.).

Proceeding by George P. McCeney by way of appeal from the action of the State Tax Commission in affirming an assessment by the County Commissioners of Prince George's County. From a judgment sustaining the action of the State Tax Commission, said McCeney appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Ogle Marbury,* with whom was *Philip L. Sykes* on the brief, for the appellant.

*Herbert Levy, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *George B. Merrick,* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

By section 2 of article 81 of the Code of Public General Laws of Maryland it is provided: "All personal property in which any resident of this State has an equitable interest

with the legal title to the same in some other person or corporation who is a non-resident shall be valued and assessed for the purpose of state, county and municipal taxation to the equitable owners thereof in the county or city in which he, she or it resides and such equitable owner or owners shall pay the taxes thereon."

The question in this case is whether a trust estate, consisting of stocks and bonds, possessed and administered by trustees in the District of Columbia under a trust, created by the will of a resident of the district, for the benefit of the appellant for life, is legally assessable to him for state and county taxation in Prince George's County, where he resides. The validity of such an assessment by the county commissioners of that county was sustained by the State Tax Commission, and its order to that effect was affirmed by the court below, whose decision we now have under review.

It appears that the trust estate is assessed to the trustees for the purposes of taxation in the District of Columbia, and the taxes there levied on the estate are paid out of the income to which the appellant is entitled. He complains that the duplication of tax charges, with respect to the trust property, resulting from the taxation in Maryland when it is already taxed in the District of Columbia, subjects him to a burden which the Code provision referred to was not intended to impose.

It may be unfortunate that the appellant's residence and the place of administration of the trust estate of which he is the beneficiary are so located as to expose him to tax charges by two separate sovereignties with respect to the securities in which the estate is invested. But the only pertinent and permissible inquiry in this case is whether the appellant, a resident of Maryland, has such a property interest in the intangible estate, administered by the non-resident trustees, as should be held to be within the real and valid purview of our statute. If its provisions are applicable, the result would not be legally objectionable as double taxation, since only one such exaction under the laws of Mary-

land is involved. *Cooley on Taxation* (4th Ed.), vol. 1, sec. 230; 37 *Cyc.* 755.

In *Baltimore v. Safe Deposit and Trust Co.,* 97 Md. 659, it was decided that property held in trust should be treated, for purposes of taxation, as belonging to the beneficiary. In *Hunt v. Perry,* 165 Mass. 287, where the question related to the taxability in Massachusetts of the interest of persons residing there in a Maine trust estate, under a statute similar in effect to the one with which we are here concerned, the Supreme Judicial Court of Massachusetts said:

"The statute under consideration rests on the ground that the *cestuis que trust* residing here have a beneficial interest in the trust fund which is valuable, and that they are in effect the equitable owners thereof. An interest of this kind is property, which the Legislature may subject to taxation. * * *"

"The defendants contend that the statute, if such is its true construction, is unconstitutional. This argument rests on the ground that the property is situated out of the state; that the beneficial interest of a *cestui que trust* is nowhere else made taxable; and that this statute selects for taxation a kind of interest not otherwise taxable, and so imposes a tax which is disproportionate. This argument, however, is met by the suggestions already made, that the *cestui que trust* is here, and his ownership or title is here, namely, the right to the income of the trust fund. The fact that the corpus of the trust fund is held by trustees who live elsewhere, and who hold under a will proved and allowed elsewhere, does not take away the power of the Legislature to subject the interest of the *cestuis que trust* to taxation here, if they live here."

The principle of that decision was reaffirmed in *Maguire v. Tax Commissioner,* 230 Mass. 503. The court was there considering and upholding an income tax, but the existence of a taxable property interest of the Massachusetts beneficiary in a trust estate administered in Pennsylvania was definitely recognized. It was said in the opinion: "The trus-

tee in Pennsylvania holds simply the legal title.   He is possessed of the property in question solely for the benefit of the *cestui que trust.*   The latter 'is the real, substantial and beneficial owner of an estate which is held in trust as distinguished from the trustee in whom the mere legal title is vested.'   *Larkin v. Wikoff,* 75 N. J. Eq. 462, 474, affirmed on this point in 77 N. J. Eq. 589.   The *cestui que trust* has important legal rights respecting the trust fund which are personal to her.   They are rights in the nature of property. They cannot be taken away from her by arbitrary or irrational procedure.   They attach to her person wherever she goes.   One of these is the right to receive the income.   That is a property right.   The income when received is property. The tax here in question is a property tax.   *Tax Commissioner v. Putnam,* 227 Mass. 522, 531, 532.   Whether it be regarded as a tax on the right of the *cestui que trust* or a tax on the income as received, in either event a property tax is permissible."

In affirming the decision in that case the Supreme Court of the United States said: "It is true that the legal title of the property is held by the trustee in Pennsylvania.   But it is so held for the benefit of the beneficiary of the trust, and such beneficiary has an equitable right, title, and interest distinct from its legal ownership."   253 U. S. 16.

In *Fidelity & Columbia Trust Co. v. Louisville,* 245 U. S. 54, the Supreme Court sustained as valid a tax in Kentucky against a resident of that state with respect to his money deposited in a bank in Missouri, which was conceded to be there taxable.   In the opinion stating that conclusion it was said: "The present tax is a tax upon the person, as is shown by the form of the suit, and is imposed, it may be presumed, for the general advantages of living within the jurisdiction. These advantages, if the state so chooses, may be measured more or less by reference to the riches of the person taxed. Unless it is declared unlawful by authority we see nothing to hinder the state from taking a man's credit into account. But so far from being declared unlawful, it has been decided by this Court that whether a state shall measure the contribu-

tion by the value of such credits and choses in action, not exempted by superior authority, is the state's affair, not to be interfered with by the United States, and therefore that a state may tax a man for a debt due from a resident of another state."

In our judgment, the interest of the appellant in the trust estate administered for his benefit in the District of Columbia is property owned by him, as a resident of this state, for the value of which he may be assessed for the purposes of Maryland taxation.

The question whether the Code provision referred to was intended to apply under such conditions as those proved to exist in this case is answered by the decision in *Humbird v. State Tax Commission,* 141 Md. 405. In that case the securities constituting the trust estate were in the possession of two trustees residing in Minnesota. There was a third trustee having the same powers and duties in reference to the trust, but the Court found it unnecessary to determine whether he could be regarded as a resident of Maryland. This was considered to be an immaterial question, because even if one of the three trustees was domiciled here, the legal title to the trust estate could not be held to be in a resident of this state, and the interest of the Maryland beneficiary of the trust was clearly within the quoted provision that all personal property "in which any resident of this state has an equitable interest with the legal title to the same in some other person or corporation who is a non-resident shall be valued and assessed for the purpose of state, county and municipal taxation to the equitable owners thereof in the county or city" of their residence. The trust involved in that case originated in Maryland, and its administration was subject to the jurisdiction of the Circuit Court for Allegany County. But that fact was not mentioned by this Court as a consideration affecting the application of the statute to the property interest there assessed to the beneficiary of the trust. It was determined to be assessable for Maryland taxes because it was owned by a Maryland beneficiary while the legal title to the estate was held by non-residents. When such conditions exist

in regard to the ownership of a trust estate, the statute applies, according to its terms, irrespective of the question as to where and how the trust originated. It would not be proper for the Court to restrict the operation of the statute by introducing qualifications which it does not express.

*Judgment affirmed, with costs.*