## HENRIETTA BLAUSTEIN *v.* STATE TAX COMMISSION

[No. 29, April Term, 1939.]

*Decided March 22nd, 1939.*

The cause was argued, as of the January Term, before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Karl F. Steinmann* and *John W. Cable, 3rd,* for the appellant.

*William L. Henderson, Deputy Attorney General,* and *Lawrence B. Fenneman, Deputy City Solicitor,* with whom were *William C. Walsh, Attorney General, Charles C. G. Evans, City Solicitor of Baltimore,* and *Michael J. Hankin, Assistant City Solicitor,* on the brief, for the the State Tax Commission and the City of Baltimore, appellees.

SLOAN, delivered the opinion of the court.

The sole question presented on this appeal is the validity of section 141A of article 81 of the Code, as enacted by the Act of 1935, ch. 302, sec. 2.

The late Louis Blaustein, on or about October 30th, 1934, created certain trust estates for the benefit of his wife, Henrietta Blaustein, with his son, Jacob Blaustein, as trustee, all of whom were then residents of Baltimore City. On February 11th, 1935, Jacob Blaustein resigned as trustee, and was succeeded by three New York trust companies, to which the assets of the respective trusts, which consisted of intangible personal property, were respectively transferred, and ever since held in the possession of the respective trustees in the City and State of New York. The income from these foreign-held trusts, exclusive of income from State of Maryland corporations and United States Government securities, was $7221.74, on which the State Tax Commission, on May 25th, 1938, after a hearing, assessed a tax of $433.30, being six per cent. on the taxable income from the trusts, in accordance with the provisions of chapter 302 of Acts of 1935. On June 4th, 1938, Mrs. Blaustein, pursuant to the provisions of section 186(b), article 81 of the Code, as enacted by chapter 226, Acts of 1929, appealed from the order of the Tax Commission assessing the tax, and in the petition for appeal alleged that sections 141A and 141B of article 81, Acts of 1935, ch. 302, are unlawful and unreasonable, because, "(1) It levies a tax upon property located without the taxing jurisdiction of the State of Maryland, (2) It violates article 15 of the Declaration of Rights of Maryland," (3), (4) it denies the petitioner the equal

protection of the laws, and abridges her privileges and immunities as a citizen in violation of the 14th Amendment to the Constitution of the United States. From an order affirming the assessment of the State Tax Commission, Mrs. Blaustein appeals.

The part of the Act of 1935, ch. 302, with which we are concerned in this appeal is: "141A. Residents of this State who derive income from intangible personal property of the classes enumerated in section 6, sub-divisions (3), (4) and (5), of this article, held in trust for them or for their use by any trustee or other fiduciary not a resident of this State, where the donor or testator creating such trust, is or was, at the time of the creation of such trust, a resident of this State, shall be subject to an excise tax at the rate of six per centum (6%) of the net amount of such income received by them during the fiscal year ending on the 30th day of June, 1935, and annually thereafter for each fiscal year ending on the 30th day of June, during which such income shall be so received."

The appellant contends that this is not an excise tax, but a tax imposed by statute on the corpus of a trust located out of this state for the benefit of a resident and citizen of the state, and that it attempts to do by indirection what this court, in *Baltimore v. Gibbs,* 166 Md. 364, 171 A. 37, said cannot be done directly. No author or court seems to have found an exact definition for excise tax. Ordinarily it is regarded as a tax on a business or occupation. So many objects of taxation are called excises or imposts that they may be generally defined as any kind of tax which is not directly on property or the rents or incomes from real estate. 1 *Bouvier's Law Dict.* (Rawle's Ed.) 1109.

With regard to the classification or definition of an income tax, it is said in 4 *Cooley on Taxation,* (4th Ed.), sec. 1743, p. 3477: "There is considerable conflict of opinion as to how income taxes should be classified. Are they a property tax or are they an excise tax or are they neither the one or the other but instead a separate class

standing by themselves? If they are to be deemed a property tax, constitutional limitations applicable to property taxes must be applied, thereby limiting the power of the Legislature. If they are excise taxes, such limitations are not applicable. So far as the federal income tax is concerned, it seems to be settled that the tax is an excise tax at least so far as the tax is based on income derived other than from property is concerned, although a tax on the income accruing from property is held to be a 'direct' tax. In regard to state income taxes the law is not so clear. Generally, however, it has been held that the tax is not a tax on property, or at least is not such a tax as to be included in the constitutional limitations imposed on property taxes; but in some states, either because of the peculiar wording of constitutional provisions or otherwise, the contrary has been held at least as to income derived from property."

As originally agreed between Louis Blaustein, the donor, and Jacob Blaustein, the trustee, the trust property would be wholly within the jurisdiction of Maryland, and there would be no conflict of jurisdiction. The securities in the hands of the trustee would be taxable at $0.45 on the intangible assets held by the trustee, under Code (Supp. 1935), art. 81, sec. 27. But the donor moves the property out of the state by the appointment of a foreign trustee, and by that act automatically, so far as these trusts are concerned, brings into play the Act of 1935, ch. 302. The State thus substitutes another form of tax for the taxes lost by the transfer of the assets of the trust to New York. So long as the assets of the trust were in this state they were assessed against the trustee, but, when they left the state, there was substituted for the tax on the trustee a tax on the *cestui que trust's* income from the same securities, so that the result to her is that she pays two taxes, one to New York on the corpus, and one to Maryland on the income. This, the appellant contends, is the imposition of an additional tax on the trust property located without this state. If this is the effect of the statute, of course the Act would be in-

valid, under our decision in *Baltimore v. Gibbs, supra,* which followed the cases of *Brooke v. Norfolk,* 277 U.S. 27, 48 S.Ct. 422, 72 L.Ed. 767, and *Safe Deposit & Trust Co. v. Virginia,* 280 U.S. 83, 50 S.Ct. 59, 74 L.Ed. 180, which in effect overruled *Humbird v. State Tax Commission,* 141 Md. 405, 119 A. 157, and *McCeney v. Prince George's County,* 153 Md. 25, 137 A. 291. A tax on income of a resident of this state, derived from property beyond its limits, is not a tax on the property; it is a direct tax against the recipient, and is not an unlawful exercise of taxing power of the State. *Cohn v. Graves,* 300 U.S. 308, 57 L.Ed. 466, 81 L.Ed. 668. As said by Chief Justice Shaw in *Bates v. Boston,* 5 Cush. 93, 99: "The assessment does not touch the fund, or control it; nor does it interfere with the trustee in the exercise of his proper duties; nor call him, nor hold him, to any accountability. It affects only the income, after it has been paid by the trustee," to which was added in *Maguire v. Tax Commissioner,* 230 Mass. 503, 120 N.E. 162, "to the beneficiary." *Maguire v. Tiefry,* 253 U.S. 12, 40 S.Ct. 417, 64 L.Ed. 739 750.

The ground of the *per curiam* order heretofore passed in this case, reversing the order of the Circuit Court, was that the tax imposed by section 141A, Act of 1935, ch. 302, was discriminatory, in that it included some taxpayers and excluded others in the same taxable class. As was said in *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 561, 64 L.Ed. 889: "It is unnecessary to say that the 'equal protection of the laws' required by the Fourteenth Amendment does not prevent the states from resorting to classification for the purposes of legislation. Numerous and familiar decisions of this court established that they have a wide range of discretion in that regard. But the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. The latitude of discretion is notably wide in the classification of property

for the purposes of taxation and the granting of partial or total exemptions upon grounds of policy. * * * Nevertheless a discriminatory tax law cannot be sustained against the complaint of a party aggrieved if the classification appear to be altogether illusory." *Colate v. Harvey,* 296 U.S. 404, 56 S.Ct. 252, 80 L.Ed. 299; *Mogul v. Gaither,* 142 Md. 380, 388, 121 A. 32.

Now, what the Legislature has done by the Act of 1935, ch. 302, is to single out the resident beneficiaries of non-resident trusts, where the donor or testator, creating such trust, is or was at the time of creation of such trust a resident of this State," and impose on such beneficiaries a tax of six per cent per annum on the income from such trusts, and it excuses, certainly does not include, other beneficiaries of trusts, such as resident beneficiaries of trusts foreign in their inception, and resident beneficiaries of wholly local trusts, though they are all exactly alike. The discrimination is in taxing one group of persons answering the description of the Act of 1935, without including others who are similarly situated. This case, in principle at least, has its counterpart in those cases where the Legislature by statute, or municipalities by ordinance, have attempted to impose burdens or restrictive licenses or regulations on foreign and non-resident businesses, as in *Havre De Grace v. Johnson,* 143 Md. 601, 123 A. 65; *Jewel Tea Co. v. Bel Air,* 172 Md. 536, 192 A. 417; *Ex Parte Irish,* 121 Kan. 72, 250 P. 1056.

In the opinion of this court, section 141A of the Act of 1935, ch. 302, is invalid, because it sets up an arbitrary and unreasonable discrimination between persons of the same general class. We cannot express an opinion as to how a law could be framed so as to overcome the objection which is made to this Act. That is the province of the Legislature. All that we can do is express our opinion of what has been done, when a statute is attacked.

The order appealed from will be reversed, and the case remanded for an order to conform with this opinion.

*Order reversed, with costs on Baltimore City, and case remanded.*