## BENJAMIN HORN *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*The Powers of the Mayor and City Council of Baltimore Limited — Acts done Colore officii — Ultra vires.*

The Mayor and City Council of Baltimore are the agents and representatives of the inhabitants or corporators of the city of Baltimore, entrusted with powers specially defined and limited, which can be exercised in the manner and form only, prescribed by law.

When they transcend these powers, their acts although done *colore officii*, and upon pretence of law, are no more binding upon the corporators than would be the acts of an agent in any other case upon his principal, when done beyond the scope of the authority conferred.

Where the Mayor and City Council of Baltimore have no power to authorize an act to be done, it being *ultra vires*, they have no power to adopt it after it is done.

APPEAL from the Superior Court of Baltimore City.

This was an action brought against the appellees, by the appellant to recover for damages done to a certain lot of ground belonging to him, by reason of the grading of North avenue.

*Exception:* The plaintiff to support the issue on his part, offered in evidence the transcript of the record in the case of *The Mayor and City Council of Baltimore, et al. vs. Porter,* decided by this Court 9th of April, 1862; and it was agreed for the purposes of this appeal that either party might use and refer to any part of the record, and to any of the papers proved therein as if the same had been regularly proved in this case. He then offered evidence to show the nature, character and extent of the injury done to his property. To the admissibility of this evidence, the defendants objected on the ground that even if it were true, it did not create any right of action against them; that the city could not be made responsible in any form of action to the plaintiff for the injury that might have been done to his property by the grading of North avenue. The Court (MARTIN, J.) sustained the defendants' objection and decided that the evidence was inadmissible, and ordered a judgment of *non pros,* to be entered. To this ruling and opinion of the Court, the plaintiff excepted and the verdict and judgment being against him he appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ALVEY, J.

*William F. Frick,* for the appellant:

The principles announced in the various cases in this Court, in which the city has been held not bound by the unauthorized acts of its officers, though done *colore officii,* &c., do not apply to this case. In those, the attempt was made to hold the city for the *contracts* of its officers, made beyond the scope of their authority; and all the decisions proceed upon the ground, that all parties dealing with the city's officers, *do so at their peril,* and are bound to know the precise scope of their authority, and whether it is rightfully exercised, &c. *Mayor and C. C. of Balt. vs. Eschbach,* 18 *Md.,* 276; *Mayor and C. C. of Balt. vs. Reynold,* 20 *Md.,* 1.

A different set of principles apply where the claim is not founded on contract, but on *nonfeasance* or *misfeasance.* The injured party is in no default in the latter as in the former case. A municipal corporation may be held for a *tort;* and as the corporation is an entity which cannot of itself be guilty of a misfeasance, its responsibility, in such case, must necessarily grow out of the tortious act of its officers or agents. The sensible rule is this, if the wrongful act be committed by a city officer either *colore officii,* that is, by the general or special nature and functions of his office, or by some express city enactment, competent authority to act in the matter, wherein the wrong is done, and especially if he be so acting with an honest intention to benefit the public, the city and not the officer should be responsible for the damage done. *Angell & Ames on Corporations, page* 250, *sec.* 10; *Edition of* 1861, *page* 308, *sec.* 311.

In this case the city commissioner who was clothed with the authority and charged with the office of grading the city streets, on certain application of property holders, acted honestly for the public good, and in strict compliance *with existing ordinances,* in the belief that his proceedings were lawful, and with no means of knowing otherwise, until the Courts, after a long and doubtful controversy, pronounced them to be otherwise. His proceedings were *bona fide* in pursuance of a

general authority over the subject matter. The case comes fully within the principle of the decision of C. J. SHAW, in *Thayer vs. Boston,* 19 *Pick.,* 511.

But whether the plaintiff's cause of action be regarded as growing out of a misfeance of the city commissioner, or the nonfeasance of the city, in its corporate capacity, it would seem to be clear, that the ordinance of December 9th, 1858, ratifying the proceedings of the city commissioner, in grading the avenue, established the liability of the corporation itself.

The act of ratification in this case could not give validity to the tax which the city sought to collect: for the tax-payer had a right to require that the proceedings should be perfectly regular from the beginning. It was too late, as to him, to cure the fatal defect which invalidated the tax. But the act of ratification, which did not bind the tax-payer, *bound the city.* It committed the corporation to an adoption of and responsibility for the entire proceedings of the city commissioner.

*Robert D. Morrison* and *William Henry Norris,* for the appellee:

The declaration avers that the appellee "in the exercise of a pretended corporate power and authority to grade said avenue by its public officers and agents, but without any such authority, and in violation of the rights of the plaintiff," caused by embankment the injury to plaintiff's lot. In English practice this declaration would have been met by a demurrer, a municipal corporation not being liable for contracts or *torts* when connected with matters outside of chartered powers. But in this State, the objection can be taken to the admissibility of any evidence to sustain such a declaration. *Evan's Prac., (New Ed.,)* 390, 391; *Turner vs. Walker,* 3 *G. & J.,* 388.

A municipal corporation is not liable for contracts or *torts* outside of its chartered powers. *Mayor and C. C. of Balt. vs.*

*Porter,* 18 *Md.,* 284; *Mayor and C. C. of Balt.* vs. *Eschbach,* 18 *Md.,* 276; *Navigation Co.* vs. *Dandridge,* 8 *G. & J.,* 248; *McSpedon* vs. *City of New York,* 7 *Bosw.,* (*N. Y.,*) 601; *Reynolds* vs. *Mayor and C. C. of Balt.,* 20 *Md.,* 1; *Hilliard on Torts,* 406, 409.

It was the duty of the appellant to have arrested the work by injunction, or to have sued the contractors as individuals. *Lester* vs. *Mayor and C. C. of Balt.,* 29 *Md.,* 415.

BRENT, J., delivered the opinion of the Court.

This suit was instituted against the Mayor and City Council of Baltimore, to recover for damages done to a certain lot of ground, belonging to the appellant, by reason of the grading of North avenue, which so intersected it as to impair, if not wholly destroy its value.

The decision of this Court in *Porter's Case,* (18 *Md.,* 284,) relieves us from the necessity of examining the various laws and evidences cited in the argument for the purpose of ascertaining the power and authority of the appellees to grade the avenue in question. It was there held, that they had no such authority under the law, and that the acts done by them in the direction and prosecution of the work were illegal and void. The declaration also in this case avers, that the injury complained of was committed " in the exercise of a pretended corporate power and authority to grade said avenue by its public officers and agents, but without any such authority," so that the only question presented for our decision, is the liability of the appellees for damages resulting from an act done *colore officii,* but void because without authority and beyond the scope of their power.

In determining this question, the relation which those who fill the offices of Mayor and City Council hold to the corporation, must be kept in view. The inhabitants of the city of Baltimore, incorporated under the name of " the Mayor and City Council of Baltimore," are authorized to select a Mayor and members of the City Council as the medium and organ

through which their corporate powers are to be exerted. These persons thus selected become the agents and representatives of the corporators. As such they are entrusted with certain powers, which are specially defined and limited, and which can be exercised by them in the manner and form only prescribed by law. To the extent alone of these powers, can they bind their principal, and so long as they keep within them, the corporation is responsible for their acts. But whenever they transcend them, their acts, although done *colore officii*, and upon pretence of law, are no more binding upon the corporators than the acts of an agent in any other case can bind his principal, when done beyond the scope of the authority conferred.

We think the law applicable to this case is properly stated by DENIO, C. J., in *Howell and Christopher vs. The City of Buffalo*, 15 *N. Y. Rep.*, 522. He there says: "Where the officer so far departs from his duty that the law adjudges the whole act void, the individual, and not the community, should answer. * * * If void, it was not a public or a corporate act. It was the deed of individuals professing and probably believing that they acted by the authority of law, but in truth proceeding upon their own responsibility, without any lawful authority whatever. As they were acting without the scope of their public agency, this concluded nobody but themselves." The same doctrine is also very clearly laid down in the case of *Harvey vs. The City of Rochester*, 35 *Barbour*, 181.

The case of *Thayer vs. The City of Boston*, 19 *Pick.*, 511, which was relied upon in the argument by the appellant's counsel, upon a careful examination will not be found in conflict with those cited above. It belongs to that class of cases in which municipal corporations have been held liable for *torts* committed by an irregular and illegal exercise of a power which the corporation possessed. They have no application to the case before us. Here the injury complained of was not occasioned by an act done within the scope of the power and authority of the corporation, but was the result

of an act void and illegal because done without power or authority. Had the grading of North Avenue been within the power possessed by the corporation, and the injury to the plaintiff's property resulted from the careless or improper manner in which the work was done, it would have presented a very different question, and an action for such injury could have been maintained. It is wholly immaterial whether the Mayor and City Council by a subsequent ordinance adopted and ratified the grading of the avenue. If the act was void, because *ultra vires*, and they had no power to authorize it before it was undertaken and commenced, they certainly had no power to adopt it after it was done.

We think there was no error in the instruction given by the Court below, and the judgment must be affirmed.

*Judgment affirmed.*

