# THE MAYOR AND CITY COUNCIL OF HAVRE DE GRACE ET AL.

*vs.*

# LUTHER W. JOHNSON.

*Municipal Corporation—Use of Streets—Exclusion of Non-Resident.*

The Legislature may delegate to a municipality the power to adopt such reasonable regulations as may be necessary to protect persons in the lawful use of its streets and highways.

p. 606

The Legislature may delegate to a municipality the power to reasonably regulate businesses in the interest of the public health or morals, to insure public safety, and to promote the public welfare.

p. 607

The municipality has no inherent right to adopt such measures, but can only do so when authorized thereto by the Legislature, and it cannot, in the exercise of such a power, impose unreasonable burdens or restrictions upon those upon whom the regulations are intended to operate.

p. 607

An ordinance, adopted by the City of Havre de Grace, restricting to residents of that city the privilege of soliciting or accepting passengers, for transportation by automobile for hire, on certain of the public streets and highways of the city, is void as unreasonably discriminating against non-residents.

pp. 607-611

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by Luther W. Johnson against the Mayor and City Council of Havre de Grace, Frederick Lee Cobourn, justice of the peace, and Elmer C. Bennett, bailiff, for an injunction restraining said defendants from interfering with, or arresting, the plaintiff by reason of his solicitation and acceptance of automobile passengers on the streets of Havre de Grace. From an order granting a perpetual injunction as prayed, defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Frederick Lee Cobourn,* for the appellants.

*R. H. Archer, Jr.,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The single question presented by this appeal is whether Ordinance No. 298 of the City of Havre de Grace is a valid enactment.

The ordinance is entitled: "An ordinance to regulate, control and restrict the use of the streets, lanes and alleys of the City of Havre de Grace by automobiles carrying passengers for hire," and was approved on August 21st, 1922. In part it provides:

"Section 1. Be it enacted and ordained by the Mayor and City Council of Havre de Grace, Maryland, That it shall be unlawful for any driver or operator of an automobile carrying passengers for hire (except as hereinafter provided) to solicit or accept passengers for transportation for hire on any of the streets, lanes and alleys of the City of Havre de Grace, except Union Avenue and Revolution Street west of Union Avenue.

"Section 2. Be it further enacted and ordained, That the provisions of this ordinance shall not apply to the operators or drivers of automobiles who are

actual and *bona fide* residents of the City of Havre
de Grace, and who have resided therein for a con-
tinuous period of six months."

The case was heard below on bill and answer, on a motion
to dissolve an injunction issued out of the Circuit Court for
Harford County, and such facts as are before us are to be
found therefore in the pleadings. From them it appears
that the appellee is a resident of Baltimore City and a citizen
of the State of Maryland, and is engaged in the business of
operating automobiles for hire. He operated in 1922 three
automobiles for which he procured "hiring licenses" for
which he was required to pay more than was required for a
license authorizing the operation of a car for private use.
Acting under "the rights and benefits" conferred by the "hir-
ing licenses," on September 14th, 1922, he accepted passen-
gers for hire in the City of Havre de Grace, and was in con-
sequence arrested and tried, convicted and fined twenty
dollars before a magistrate on the charge of violating Ordi-
nance 298 of the Mayor and City Council of Havre de Grace.
He prayed an appeal from that judgment to the Circuit Court
for Harford County, but as, under the rules of that court,
the appeal would not be heard until November, 1922, the com-
plainant would have been prevented from operating his cars
until that time, because the defendants threatened to arrest
him whenever he accepted or solicited passengers within the
limits of the City of Havre de Grace except on the streets
excepted from the operation of the ordinance.

The complainant contends that the ordinance was and is
void because it is unconstitutional and that, that being true,
the police officials of Havre de Grace, in executing it, threat-
ened to deprive him of rights or privileges granted by the
State to him for which he had fully paid. He contended that
he had no adequate legal remedy for such loss as he might
sustain as a result of the defendants' acts, and he therefore
asked that they be restrained from "interfering with, arrest-

ing and fining your orator, his agents, servants and employees, from soliciting and accepting passengers for transportation for hire, in the three (3) cars mentioned and referred to in this bill of complaint on any of the streets, lanes and alleys of said City of Havre de Grave."

In their answer the defendants say :·

· "1.   That the defendant, the Mayor and City Council of Havre de Grace, is a municipal corporation whose charter is codified as sections 276 to 402, inclusive, of chapter 680 of the Acts of 1916. That by the provisions of said charter the said city is empowered and charged with the duty of passing ordinances 'to protect and preserve the health of the citizens and the property rights and privileges of the city * * * and, for the preservation of peace and good order, securing persons and property from violence, danger or destruction.' That ordinance numbered 298, referred to in the bill of complaint, was passed by said Mayor and City Council by virtue of and in pursuance of the authority contained in said charter.

"2.   That the said City of Havre de Grace has two principal thoroughfares running through said town, to wit, Union Avenue and Washington Street; the principal business section of said city being located on Washington Street; that during the months of April and September of each year, while races are being conducted by the Harford Agriculture and Breeders' Association, at the race track near said city, there is a large transient population in said city; that during the months aforesaid there also come to said city from all parts of this and other states a large number of irresponsible drivers of cars for hire; that before the passage of ordinance number 298 these cars would gather in the principal business section of Washington Street in such numbers that said street would become practically closed to all other traffic and seriously interfering with the orderly progress of traffic in said street; and that as the result of the

keen competition among the drivers of said hiring
cars, much disorder and rowdyism resulted, to the
disturbance of the peace of the neighborhood and the
annoyance of all the residents thereof; and that be-
cause of said condition said city was put to the expense
of several additional officers in an effort to control
the situation, but without result.

"2½. That said ordinance was passed to correct
the condition above set forth and for no other pur-
pose."

They also deny that the ordinance is unconstitutional or
void for any reason.

A preliminary injunction as prayed in the bill was issued
and, after the answer was filed, the case was heard on a
motion to dissolve on the bill and answer. At the conclusion
of that hearing, the court ordered that the preliminary injunc-
tion theretofore issued be made perpetual and from that order
this appeal was taken.

In dealing with the question thus presented we will first
refer to the statutes which define and measure the complain-
ant's right to operate automobiles for hire on the public high-
ways of the State.

In defining the applicability of the statutes regulating the
operation and use of motor vehicles on the public highways
of the State, it is provided (Bagby's Code, Pub. Gen. Laws
of Md., vol. 4, art. 56, sec. 133), that "the provisions of this
sub-title are intended to b. state-wide in their effect, and no
city, county or other municipal sub-division of the State shall
have the right to make or enforce any local ordinance or regu-
lation which shall change, alter or affect the speed limits
prescribed by this sub-title, require any registration or licens-
ing of motor vehicles or operators thereof in addition to
the registration and licensing herein prescribed, or impose
upon the owner or operator of any motor vehicle any tax,
registration fee, license fee, assessment or charge of any kind
for the use of a motor vehicle upon any public highway or

highways of this State, provided that incorporated cities and towns within the State may prescribe and enforce reasonable traffic regulations by fine or imprisonment, either or both in the discretion of the court, applicable to all vehicular traffic, motor vehicles included, * * * and this provision shall not be deemed as repealed by any act hereafter passed unless this provision is expressly referred to and repealed in terms, or some other clear evidence given of an intent on the part of the General Assembly to change the policy of the State herein declared."

By chapter 506 of the Acts of 1920, section 141, classification A, it is provided: "Sixty cents per horse-power or fraction thereof in the case of all motor vehicles having pneumatic tires, with a minimum charge of ten dollars ($10.00) for any motor vehicle; and by classification F, *Ibid.*, it is further provided: "One dollar and twenty cents ($1.20) per horse-power or fraction thereof in the case of all motor vehicles operating for the purpose of transporting persons for hire upon any of the public highways of this State other than motor vehicles operating on fixed schedules, the registration fees of which are fixed by other specific provisions of law, and provided that said charge shall be in lieu of all other taxes, fees or charges of every kind upon said motor vehicles or upon the receipts of those operating the same except the taxes upon the same as personal property."

It is conceded that the appellee had complied with the requirements of the motor vehicle law, regulating the operation of automobiles for hire on the public highways of the State, and that Ordinance No. 298, if valid, prevented him from exercising that privilege on certain of the streets and highways of Havre de Grace.

It is not denied, and it is difficult to see how it could be, that the Legislature may delegate to a municipality the power to adopt such reasonable regulations as may be necessary to protect persons in the lawful use of its streets and highways. 29 *C. J.* 646. And it is also well settled that the Legislature

may delegate to a municipality the power to reasonably regulate businesses in the interest of the public health or morals, to insure public safety, and to promote the public welfare. 28 *Cyc.* 692, 720. And it is equally well settled that a municipality has no inherent right to adopt such measures, but can only do so when authorized thereto by the Legislature, and that it cannot in the exercise of such a power impose unreasonable burdens or restrictions upon those upon whom the regulations are intended to operate. 28 *Cyc.* 693, 762.

The validity of the ordinance in question therefore depends upon the concurrence of these essential elements: first, that the Legislature did delegate to the Mayor and City Council of Havre de Grace the power to regulate the business of transporting passengers in automobiles for hire on the streets and highways of the City of Havre de Grace; second, that the ordinance was adopted in the exercise of the power thus conferred; and third, that it is a reasonable exercise of the power.

It was assumed at the hearing that the ordinance was adopted in the exercise of power conferred by the Legislature (Acts 1916, ch. 680, sec. 308), and we will for the purpose of this opinion only, and without so deciding, also assume that the Legislature did delegate to the City of Havre de Grace the power to regulate the business of automobile hiring on the streets of Havre de Grace, and that Ordinance No. 298 was adopted in the attempted exercise of that power, and will deal only with the reasonableness of that ordinance.

The first consideration suggested by an examination of the ordinance is that it is not a regulation at all, but a prohibition, the second is, that it only excludes persons who reside beyond the corporate limits of Havre de Grace. Whether the municipality would under any circumstances have the right to absolutely prohibit persons from accepting passengers for hire on its streets, as it has attempted in this ordinance to do, need not, in view of our conclusion upon the other question, be discussed. And the question is thus brought down to this:

Did the ordinance unreasonably and unlawfully discriminate against the appellee and others in like situation by prohibiting them, and other persons not residing in Havre de Grace, from operating an automobile hiring business on certain streets of that town?

In dealing with that question the learned judge who decided the case below said: "The City of Havre de Grace is not a sovereign state, but is a part of Harford County, and its streets, lanes and alleys are part of the public highways of the State of Maryland, and open to all citizens of the State on equal terms for the purpose of travel; and, as the plaintiff is a citzen of Maryland, there is no necessity either to discuss or pass upon the rights of aliens or non-residents in similar cases.

"When, however, these public highways are used for business purposes, such as that in which the plaintiff is engaged, different rules in some measure apply. The city, under its charter, has the right to pass proper ordinances to preserve order on the public highways; and to see that the legitimate use of the highways by the general public is not interfered with by persons seeking to use them for private purposes and that, when used for business purposes, they are so used as not to disturb the public peace and comfort." And with that reasoning we entirely agree.

It certainly cannot be seriously argued that an ordinance, which forbids non-residents of Havre de Grace from transacting on its streets the same business which they permit residents to transact there, is a reasonable regulation designed in the interest of the public health or welfare, because we certainly cannot assume as a matter of law that the operation of an automobile hiring business by a non-resident of Havre de Grace would, because of his non-residence, constitute a greater peril to the health or welfare of that town than it would if operated by a resident. A more reasonable and probable view would be that it was intended to confer the monopoly of a profitable business upon residents of the town.

But whatever its purpose may have been there, can be no doubt but that the ordinance is discriminatory and unreasonable, and that the municipality had no power to adopt it.

Chapter 413 of the Acts of 1868 of the General Assembly of Maryland provided: "No person, not being a permanent resident of this State, shall sell, offer for sale, or expose for sale, within the limits of the City of Baltimore, any goods, wares, or merchandise, other than agricultural products and articles manufactured in the State of Maryland, within the limits of said city, either by card, sample, or other specimen, or by written or printed trade list, or catalogue, whether such person be the maker or manufacturer thereof or not, without first obtaining a license so to do." In passing upon the validity of that act the Supreme Court, in *Ward* v. *Maryland,* 12 Wall. 418, said: "Imposed as the exaction is upon persons not permanent residents in the State, it is not possible to deny that the tax is discriminating with any hope that the proposition could be sustained by the court. Few cases have arisen in which this Court has found it necessary to apply the guaranty ordained in the clause of the Constitution under consideration. *Conner* v. *Elliott,* 18 How. 595, * * * Comprehensive as the power of the states is to lay and collect taxes and excises, it is nevertheless clear, in the judgment of the Court, that the power cannot be exercised to any extent in a manner forbidden by the Constitution; and, inasmuch as the Constitution provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states, it follows that the defendant might lawfully sell, or offer or expose for sale, within the district described in the indictment, any goods which the permanent residents of the State might sell, or offer or expose for sale in that district, without being subjected to any higher tax or excise than that exacted by law of such permanent residents."

And in *State* v. *Mercer,* 132 Md. 263, this Court, in dealing with the validity of a local law of Carroll County which

prohibited non-residents of Carroll County from engaging in business as auctioneers in that county without having first secured a license, said: "The classification attempted is based entirely upon residence, so that those residing in Carroll County are entirely free from any license tax, while those without that area, and wishing to do business within it, are burdened with the necessity of paying to secure that right. Similar statutes embodying substantially the same restrictive operation have come before the courts in numerous instances, and have almost without exception been declared unconstitutional and void. *State* v. *Wagener,* 69 Minn. 206; *State* v. *Nolan,* 108 Minn. 170; *Brownback* v. *Burgess,* 194 Penn. St. 609; *Com.* v. *Hana,* 195 Mass. 262; *State* v. *Whitcom,* 122 Wis. 110; *Graffty* v. *Rushville,* 107 Ind. 502; *Morgan* v. *Orange,* 50 N. J. L. 389; *Beckett* v. *Savannah,* 118 Ga. 58; *State* v. *Snyder,* 182 Penn. St. 630; *Marshalltown* v. *Blum,* 58 Iowa, 184; *In re Camp,* 38 Wash. 393; *Sayre* v. *Phillips,* 16 L. R. A. 49; *State* v. *Montgomery,* 47 Atl. 165; *Templar* v. *State Board of Examiners,* 131 Mich. 254; *Daniel* v. *Richmond,* 78 Ky. 542; *Simrall* v. *Covington,* 9 L. R. A. 556."

It is undoubtedly true, as stated in *State* v. *Shapiro,* 131 Md. 171, that the State is not bound to observe a definite rule of uniformity in the enactment of license laws, so long as it "does not conflict with the constitutional right to the equal protection of the laws, or to due process of law, if the prescribed regulations operate equally and uniformly upon the class, and within the area affected, and their limitations are not clearly unreasonable." But the converse is equally true, that if a statute is unreasonable, or deprives persons affected by it of the equal protection of the law, it is void. And in this case we think the statute does have that effect.

The State licensed and authorized persons securing licenses under Class F, section 141, article 56, Code Pub. Gen. Laws of Md., to engage in the business of hiring automobiles on any of the highways of the State, and expressly provided that the fee exacted for that license should be in lieu of all other taxes,

fees or charges except taxes upon the machines as personal property.

The ordinance, however, confines and restricts the right of exercising the privelege thus conferred on certain of the public streets and highways in Havre de Grace to residents of that city, and excludes all other members of the class, to wit, persons licensed under the provisions of section F, from engaging in that business on such streets. Such a discrimination is in our opinion clearly unreasonable, and the ordinance is for that reason void.

For the reasons stated the order appealed from will be affirmed.

*Order affirmed, with costs to the appellee.*