McLean *v.* Fort Smith.

Opinion delivered April 11, 1932.

584

*Cravens & Cravens,* for appellant.

*George W. Dodd,* for appellee.

HART, C. J., (after stating the facts). To sustain the judgment, counsel for appellees invoke the power given by the Legislature to municipalities to destroy buildings which have become nuisances. Special reliance is placed upon our former decisions to the effect that the rights of property, like other social and conventional rights, are subject to such reasonable limitations in their enjoyment as shall prevent them from being injurious, and to such reasonable restraints and regulations established by law, as the Legislatures, under the governing and controlling power vested in them by the Constitution, may think

necessary and expedient. *McKibbin* v. *Ft. Smith*, 35 Ark. 352. In that case it was claimed that an old building was being repaired. The undisputed facts, however, showed that the only integral portion of it remaining was part of the wall left standing which was used in the new building. The court said that, as under the facts the building was completely destroyed and another building had been erected on the lot, there was no liability against the officers of the city for razing the old building. This rule was under the well-established principle that, under the police power of the State given to municipalities, they might establish fire zones, and prohibit the construction of wooden buildings within such districts. It would naturally follow that new buildings of the prescribed character could not be constructed under the guise of repairing old ones.

The court reaffirmed the doctrine of *Harvey* v. *Dewoody*, 18 Ark. 252. In that case the officers of the town were sued for tearing down the plaintiff's house. They justified under an ordinance declaring the house to be a nuisance. They set up facts which tended to justify their plea. Among other things, it was alleged that the house had not been occupied by tenants for a long time, and that it was being used by the public as a privy; that its use, condition, and situation were such as to endanger the health and property of the citizens of the town. These facts were admitted to be true by a demurrer filed to the answer by the plaintiff. Proper notice was given the plaintiff under the ordinance to abate the nuisance. Therefore the court held that the matters set up in the answer demurred to were sufficient to bar the action of the plaintiff. Consequently, it was held that the demurrer was properly overruled by the court below, and the judgment of the circuit court was affirmed.

In the case of *McKibbin* v. *Ft. Smith, supra,* the court recognized the law to be that, where a building has been removed by a police officer under an ordinance when, in fact, the owner had not in its erection violated any ordinance of the town inhibiting it, he may recover damages

against the town for the removal, or have an injunction against the threatened removal, as the case may be.

In both the cases above cited, the facts were undisputed that the erection and use of the buildings constituted a nuisance, and the question was therefore one of law for the court.

Here the facts of the case as to whether the building constituted a nuisance are in dispute, and call for application of the well-established doctrine that no man can be summarily deprived of his property or the use thereof. The right to abate public nuisances is a common-law right, and is derived from the necessity of the case. It is akin to the right of destroying property for the public safety in case of a devastating fire. Where the facts are in dispute, the authorities cannot justify on the ground of present necessity. *Hutton* v. *Camden*, 39 N. J. L. 122, 23 Am. Rep. 203; *People ex rel., Copcutt*, v. *Board of Health of the City of Yonkers*, 140 N. Y. 1, 35 N. E. 1, 23 L. R. A. 481, 37 Am. St. Rep. 522.

In the latter case, after reviewing the authorities on the question, the court said: ''The result of these authorities is that whoever abates an alleged nuisance, and thus destroys or injures private property, or interferes with private rights, whether he be a public officer or private person, unless he acts under the judgment or order of a court having jurisdiction, does it at his peril; and, when his act is challenged in the regular judicial tribunals, it must appear that the thing abated was in fact a nuisance. This rule has the sanction of public policy, and is founded upon fundamental constitutional principles.''

This principle of law has been expressly approved by this court in *Ward* v. *Little Rock*, 41 Ark. 526, and *Lonoke* v. *C. R. I. & P. Ry. Co.*, 92 Ark. 546, 123 S. W. 395, 135 Am. St. Rep. 200. In both of these cases the court quoted with approval from the opinion of Mr. Justice MILLER in *Yates* v. *Milwaukee*, 10 Wallace (U. S.) 497. After saying that the mere declaration by the city council that a certain structure was a nuisance did not make it

so unless it in fact had that character. The learned justice said further: "It is a doctrine not to be tolerated in this country that a municipal corporation, without any general laws, either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities."

In the present case the facts relative to whether the building was a nuisance or not were in sharp dispute, and the court should have submitted that question to the jury.

Inasmuch as the case must be remanded for a new trial, we call attention to the state of the record on the question of notice. No notice was ever served on the plaintiff, and no copy of the ordinance was posted on the premises. Giving therefore to the ordinance its utmost legal effect, still the proceedings under it must be regarded as entirely void because it does not appear that jurisdiction was acquired over the plaintiff by giving the notice prescribed by the ordinance.

It follows that the court erred in directing a verdict for the defendants, and for that error the judgment must be reversed, and the cause remanded for a new trial.