JEWEL TEA CO. *v.* TOWN OF BEL AIR, ET AL.
[No. 30, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Frederick Lee Cobourn* and *H. Warren Buckler, Jr.,* for the appellant.

*Edwin H. W. Harlan,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

The Jewel Tea Company, a New York corporation, plaintiff, filed a bill of complaint praying a writ of injunction to restrain the Town of Bel Air, a municipal corporation of this State, Raymond Fulker, the town bailiff, and Stanley S. Spencer, a justice of the peace, from enforcing two ordinances of the Town of Bel Air.

By section 1 of one of these ordinances (No. 74), "The practice of going in and upon private residences, business establishments or offices in the Town of Bel Air, Maryland, by solicitors, peddlers, hawkers, itinerant merchants, and transient vendors of merchandise, not having been requested so to do by the owner or owners, occupants of said private residences, business establishments or offices, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and for the purpose of disposing of and/or peddling or hawking the same, is hereby declared to be a nuisance and punishable as such nuisance as a misdemeanor." The third section provided

that it should "not apply to persons employed by or representing any established merchant, business firm or corporation located and regularly doing business in the Town of Bel Air or to farmers residing in Harford County selling any food item raised or produced by themselves, or to any one duly licensed," and provided that on conviction offenders be fined from $1 to $100 for each offense.

The bill described the business of the plaintiff with much detail, which, briefly, is the sale of teas, coffees, extracts, etc., through solicitors or agents, who go from house to house ringing doorbells of customers, old and new, present and prospective. These agents take orders, which are sent to Washington, D. C., to be filled for shipment and delivery to customers at Bel Air. An agent of the plaintiff, at Bel Air, R. S. Marshall, had been arrested for the violation of Ordinance No. 74, but had not been tried, and was advised, according to the bill of complaint, by Raymond Fulker, town bailiff, that he would not be prosecuted, if he took out a license prescribed by Ordinance No. 39, which provided that "it shall be unlawful for any person, not a resident of Harford County, to peddle, sell, expose or offer for sale upon the streets of said Town any article of food, either vegetable, fruit, flesh or fish, without having paid the Town Commissioners of said Town of Bel Air twenty-five dollars a year," and for the failure to secure such a license provided for a fine for each and every offense.

The bill further alleges that the bailiff has not only arrested the agent Marshall, but has threatened to arrest him and any agents of the plaintiff on every occasion he may find him or them serving regular customers or attempting to secure new customers, and the bill charges that both ordinances are unconstitutional and void, and unlawfully discriminate against the plaintiff.

The defendants demurred to the bill of complaint, and from a decree sustaining the demurrer the plaintiff appeals.

The plaintiff contends (1) that equity has jurisdiction

to determine the validity of the ordinances; (2) that Ordinance No. 74 is void because the Town of Bel Air has no authority to declare such business as conducted by the plaintiffs' agents a nuisance; and (3) that both ordinances deny the appellant the equal protection of the laws, are discriminatory, and interfere with interstate commerce, and argues all of these questions in its brief. The defendants' only argument is that the plaintiff has an adequate remedy at law in the defense of the criminal case, and equity is therefore without jurisdiction. If this bill had been filed by Marshall, plaintiff's agent, and there was only one prosecution and none other threatened, there would have been some merit in the defendant's contention. But this was filed by Marshall's employer, whose business in Bel Air was threatened by continued and repeated arrests and prosecution of its agents. *Terrace v. Thompson*, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; *Hutchinson v. Beckham* (C. C. A.) 118 Fed. 399.

It has been often decided by this court that the enforcement of a void ordinance may be restrained by injunction at the suit of a person injuriously affected. *Spann v. Gaither*, 152 Md. 1, 136 A. 41, 50 A. L. R. 620; *Havre de Grace v. Johnson*, 143 Md. 601, 123 A. 65; *Clark v. Harford Agricultural & Breeders' Assn.*, 118 Md. 608, 85 A. 503; *Baltimore v. Radecke*, 49 Md. 217, 231. See, also, *Jewel Tea Co. v. Lee's Summit* (D. C.) 198 Fed. 532; *Lee's Summit v. Jewel Tea Co.* (C. C. A.) 217 Fed. 965; *Kansas City Gas Co. v. Kansas City* (D. C.) 198 Fed. 500, 510; *Terrace v. Thompson*, 263 U. S. 197, 44 S. Ct. 15, 68, L. Ed. 255.

Municipalities derive whatever powers they possess from the Legislature. They do not have any inherent rights; they are all delegated; and by each successive session of the General Assembly they may be changed, limited, enlarged or taken away. *Hagerstown v. Sehner*, 37 Md. 180; *McKim v. Odom*, 3 Bland, 407; *Baltimore v. State*, 15 Md. 376, 74 Am. Dec. 572; *Horn v. Baltimore*, 30 Md. 218; *Rushe v. Hyattsville*, 116 Md. 122, 81 A. 278. Nuisances may only be so declared when they are so by

common law, or by statutory definition. *State v. Mott,* 61 Md. 297.

Whatever powers the Town of Bel Air has to declare the solicitation of customers by the ringing of door bells or otherwise a nuisance is derived from section 97 of article 13 of Flack's Local Code, which gives it the power to enact ordinances "to preserve the health of the town" and "to preserve and promote the peace, order and good government of said town." We fail to see how the solicitation or conduct of a legitimate mercantile business or trade can be resolved into a health, safety, or general welfare regulation by suppression by a town ordinance. It requires no discussion to convince one that the Ordinance No. 74, regulating or forbidding the business of the plaintiff has no relation to public health, safety, or the general welfare of the community. *Spann v. Gaither,* 152 Md. 1, 136 A. 41. It is not pretended that it was passed in pursuance of any special authority from the Legislature, nor can it be implied from any of its charter powers.

For this reason, if for no other, Ordinance No. 74 is void.

Both ordinances, Nos. 39 and 74, are void because they discriminate against the nonresident in favor of the resident business, and thus violate the Fourteenth Amendment to the Federal Constitution. In support of such a decision it is only necessary to refer to the opinion of this court by Judge Offutt in *Havre de Grace v. Johnson,* 143 Md. 601, 123 A. 65, and the numerous cases digested in 61 *A. L. R.* 337. Discussion would be superfluous and repetitious. If the local merchant, in response to whose complaints such ordinances are passed, would be rid of such competition, he must submit to the same penalties, burdens, and conditions as he would have imposed on the intruders. It cannot be otherwise done. The decree appealed from must be reversed.

> *Decree reversed, with costs, and case remanded for a decree to conform with this opinion.*