WILKINS *v.* CITY OF HARRISON.

4642                                          236 S. W. 2d 82

Opinion delivered February 5, 1951.

*Joe Van Derveer* and *Merle Shouse,* for appellant.

*W. J. Cotton,* for appellee.

Holt, J. The four appellants were convicted in the Mayor's Court in the City of Harrison on an information charging an alleged crime, committed as follows: "That said defendants, Paul H. Wilkins, William B. Lynch, Jim Stratton, and I. T. Ingram, did on the 25th day of April, 1950, unlawfully enter upon the streets of the City of Harrison, and private residences, business establishments, and offices within the incorporated limits of said city without having been requested or invited to do so by the owner or owners, occupants or occupant, of said private residences, business establishments or offices, for the purpose of soliciting orders through the sale of coupon, or otherwise, for portrait photographic work, enlargements of portraits, and tinted portraits whether in water colors or in oils, against the peace and dignity of the City of Harrison."

Fines of $50 each were assessed. On appeals to the Circuit Court, appellants were tried before the court, sitting as a jury, found guilty as charged and again a fine of $50 against each appellant imposed.

This appeal followed.

For reversal, appellants earnestly contend that the ordinance upon which the charges were based is an un-

reasonable abuse of police power, and violates the 14th Amendment to the Constitution of the United States and Art. 2, § 8 of the Constitution of Arkansas.

The ordinance in question provides: "Section 180. UNINVITED CALLERS. The practice of going in and upon private residences, business establishments or offices in the City of Harrison, Arkansas, by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupants or occupant of said private residences, business establishments or offices for the purpose of soliciting orders for the sale of goods, wares and merchandise and/or for the purpose of disposing of and/or peddling or hawking the same, is hereby declared to be a nuisance and punishable as misdemeanor.

"Section 181. POLICE DUTY. The Police Department of the City of Harrison, Arkansas, is hereby required and directed to suppress the same, and to abate any such nuisance as described in § 180.

"Section 182. EXCEPTION. The provisions of § 180 shall not apply to persons employed or representing an established merchant, business firm or corporation located and regularly doing business in the City of Harrison, Arkansas, or to farmers selling any food item raised or produced by themselves and/or permanently established residents, or any one duly licensed by the City of Harrison, Arkansas.

"Section 183. PENALTY. Any person convicted of perpetrating a nuisance, as described and prohibited in § 180, upon conviction thereof, shall be fined in a sum not less than five ($5) dollars nor more than fifty ($50) dollars."

Essential facts which were stipulated were to the following effect. Appellants were employees of Olan Mills, Inc., of Tenn., authorized to do business in this State and with its principal place of business in Dallas, Texas. Appellants were engaged in pursuing the business of their employer in Harrison and their activities

were within the provisions of said ordinance. The manner in which the business of their employer is conducted is substantially, as set forth in appellants' brief: "Under the supervision of the Dallas office, an advance sales unit of two to five salesmen will canvass a municipality soliciting orders for photographs, such orders subject to acceptance by the Dallas office, to be there manufactured, processed and finished for future delivery; when an order is accepted, the customer is notified where and when to appear for a sitting, usually at a leading hotel of the city, and a deposit of 50c is taken; at the appointed time and place the corporation's cameraman takes the exposure and collects an additional 50c; the exposed negatives are then sent by mail to the Dallas plant where they are developed and processed and the proofs manufactured; these proofs are then sent by mail to another representative, called a 'proof passer,' who notifies the customer of the time and place when he may inspect the proofs and place his order for pictures; such orders are then sent by mail to the Dallas plant where the photographs are manufactured and processed and mailed directly to the customer cash on delivery; no part of the processing, developing, manufacturing or finishing is carried on in the State of Arkansas."

We agree with both of appellants' contentions above and hold that the ordinance is not only an abuse of, and an unreasonable exercise of the municipality's police power and void, but it also violates Amendment 14 of the Constitution of the United States and Art. 2, § 8 of the Constitution of Arkansas.

At the outset, we point out that on the undisputed facts appellants were solicitors as distinguished from hawkers or peddlers. The latter are those who go from place to place, or from house to house, selling and delivering goods which they carry with them, and not such as take orders (as did appellants) only for goods to be later shipped in course of commerce. *Crenshaw* v. *State of Arkansas*, 227 U. S. 389, 33 S. Ct. 294, 57 L. Ed. 565 (1913).

In order to be a valid enactment, an ordinance must come within the scope of the powers granted cities and towns under §§ 19-2303 and 19-2304, Ark. Stats., 1947, promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience. We hold that the ordinance here bears no reasonable relation to any of these essential requirements necessary to the exercise of police powers. It must, therefore, be struck down and declared void for this reason.

The ordinance declares the business (photography) in which appellants were engaged a nuisance, but this declaration does not make it so. "It has been several times said that a municipal corporation cannot declare that to be a nuisance which is not such *per se;* in other words, no mere *ipse dixit* can convert that thing into a nuisance which is not such in fact." *Merrill* v. *City of Van Buren,* 125 Ark. 248, 188 S. W. 537, and in *Stuttgart Rice Mill Company* v. *Crandall,* 203 Ark. 281, 157 S. W. 2d 205, we said: "The right to engage in an employment or profession, or to carry on a business not in itself hurtful and not pursued in a manner harmful to the public, is a common right."

"Photography is an honored calling which contributes much wealth to living. Like all honest work, it is ennobling. . . . The economic philosophy generally accepted in this country that ordinarily the public is best served by the free competition of free men in a free market." *State* v. *Ballance,* 229 N. C. 764, 51 S. E. 2d 731, 7 A. L. R. 2d 407, and in *State* v. *Cromwell,* 72 N. D. 565, 9 N. W. 2d 914, the court said:

"Why is the business of photography any more charged with the possibility of harm to the public, or to any individual than is any other of the ordinary occupations in which men engage. . . . So far as knowledge, training and skill are concerned . . . they are required by the farmer, the storekeeper, the carpenter, the machinist, the tailor, the actor, the musician—in fact by every individual successfully engaged in a definitely specialized occupation. . . ."

In *Jewel Tea Company* v. *Town of Bel Air, et al.,* 172 Md. 537, 192 Atl. 417, the court had for consideration the validity of an ordinance identical, in effect, with the one here, (in fact, the Harrison ordinance appears to be an exact copy except the name of the city). In brief, the facts were, in effect, that the business of the tea company was the sale of teas, coffee, extracts, etc., through solicitors or agents who went from house to house, ringing door bells of customers, old and new. The solicitors took orders which were sent to Washington, D. C., to be filled for shipment and delivery to customers in Bel Air. There, the tea company contended that the ordinance was void because the town of Bel Air had no authority to declare such business as conducted by the tea company's agents or solicitors a nuisance, and that it contravened Amendment 14 of the Constitution of the United States in that it denied appellants the equal protection of the law and was discriminatory. That court in upholding both of these contentions declared the ordinance there void for the reason that it bore no relation to the public health, safety, morals or general welfare, and unconstitutional for the reason that it discriminated against the nonresident in favor of the resident business, and was a denial of property rights without due process of law, contravening Amendment 14 of the Constitution of the United States. The court there said:

"We fail to see how the solicitation or conduct of a legitimate mercantile business or trade can be resolved into a health, safety, or general welfare regulation by suppression by a town ordinance. It requires no discussion to convince one that the ordinance . . . regulating or forbidding the business of the plaintiff, has no relation to public health, safety, or the general welfare of the community. . . . Both ordinances, . . . are void because they discriminate against the nonresident in favor of the resident business, and thus violate the 14th Amendment to the Federal Constitution."

So here, we hold the ordinance clearly violates the due process clause of the 14th Amendment to the Federal Constitution, in that it abridges the rights of appellants

to engage in a lawful occupation and discriminates against them, nonresidents in favor of local businesses, and therefore unconstitutional.

Accordingly, the judgments are reversed and the causes dismissed.

GRIFFIN SMITH, Chief Justice, and MILLWEE and McFADDIN, JJ., concur.