The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on behalf of a city councilman of Diamond City, Arkansas concerning two proposed ordinances of Diamond City.
The first ordinance pertains to the city's regulation of itinerant vendors, peddlers and solicitors. Attached to your request is a copy of the proposed ordinance, which would require such individuals to answer questions as to the nature of their business, and to register with and purchase a $10.00 license or permit from the city. The ordinance also proposes to exempt from the permit fee certain charity organizations, such as the Boy Scouts, Girl Scouts, Red Cross, and various school, veterans' and church groups. Your question in relation to this proposed ordinance is paraphrased as follows:
 Can the City Council exempt from payment of the permit fee charities such as those listed?
It is my opinion that the answer to this question is "yes."
Arkansas Code Annotated § 14-54-1407(a) (1987) allows all municipalities the power to define, license, regulate, or tax transient and itinerant vendors and dealers in merchandise. While § 14-54-1407(b) states that those who conduct the same business in the same municipality for six consecutive months shall not be classified as a transient, no other definition of the term is offered.
Evidence of legislative intent to exempt charitable organizations from the classification of transient or itinerant vendors can, however, be found in the Transient Merchant Licensing Act, which is codified at A.C.A. §§ 17-42-101—304 (Repl. 1992).
A "transient merchant" is defined at § 17-42-103(1) as "any person . . . which engages in, does, or transacts any temporary or transient business . . . either in one (1) locality or in traveling from place to place . . . offering for sale or selling goods, wares, merchandise, or services. . . ." "Temporary or transient business" is defined at § 17-42-103(2) as "any business conducted for the sale or offer for sale of goods, wares, or merchandise which is carried on in any building, structure, motor vehicle, railroad car, or real estate for a period of less than six (6) months in each year."
Exemptions to the licensure requirement for transient merchants are set out at § 17-42-104 and include "[a]ny general sale, fair, auction, or bazaar sponsored by any church or religious organization" (A.C.A. § 17-42-104(5)) and "school-sponsored bazaars and sales" and "sales by charitable organizations." A.C.A. § 17-42-104(10).
The Arkansas Supreme Court has stated that "[i]n order to be a valid enactment, an ordinance must come within the scope of the powers granted cities and towns under [A.C.A. §§ 14-54-103—104], promulgated in the proper exercise of police powers, and must bear some reasonable relation to the public health, safety, morals, welfare, comfort, or convenience." Wilkins v. City ofHarrison, 218 Ark. 316, 320, 236 S.W.2d 82 (1951).
It is my opinion that the proposed Diamond City ordinance bears a reasonable relation to the essential requirements necessary to the exercise of police powers and, accordingly, is a proper ordinance.
The ordinance does not deny individuals the equal protection of the law or the right to conduct business in the municipality. It merely regulates the activities of those who choose to conduct business on a transient basis. This regulation, in my opinion, is a valid exercise of the city's police power to protect its citizens from such potential harms as the unscrupulous methods of some itinerants who might close shop and move from the town while leaving the citizenry with no recourse after the purchase of an unsatisfactory product, or the itinerant not contributing in the way of taxes to the support and building of the communities in which he operates. Such a regulation, in my opinion, bears a reasonable relation to the public health, safety, morals or general welfare of the citizenry.
The second ordinance pertains to the regulation of smoking on city property. A copy of the proposed ordinance attached to your request indicates that smoking would be prohibited at all times in city offices, and that smoking would be prohibited in the community center as well when the city council is in session. Your question in regard to this proposed ordinance is paraphrased as follows:
 Can the City Council prohibit smoking at the community center during council meetings and still allow smoking in the center at other times when it is used for other types of meetings?
It is my opinion that the answer to this question is "yes."
Arkansas Code Annotated § 14-55-102 (1987) states that municipal corporations shall have the power to make and publish bylaws and ordinances, not inconsistent with the laws of the state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof. Additionally, A.C.A. § 14-54-103 allows cities and incorporated towns the power to prevent injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy. Municipal authorities have wide discretion in matters of making reasonable provisions for the safety of its inhabitants through the enactment of ordinances, resolutions or bylaws. City of Ft. Smith v. VanZandt, 197 Ark. 91, 122 S.W.2d 187 (1938).
The Arkansas Supreme Court has construed these provisions to approve such ordinances as those which allowed city officials to inspect milk and meats before they were sold (see Carpenter v.Little Rock, 101 Ark. 238, 142 S.W. 162 (1911) and which granted the exclusive privilege of removing deposits from unsewered privies within the municipal limits. See Dreyfus v. Boone,88 Ark. 353, 114 S.W. 718 (1908).
The General Assembly, in recognition of the fact that scientific research has shown that nonsmokers often receive damage to their health from the smoking of tobacco by others, has declared it the public policy of the state that the rights of nonsmokers be protected. A.C.A. § 20-27-701 (Repl. 1991). Additionally, the state has granted and delegated to municipalities the power to legislate in the protection of public health. City of LittleRock v. Smith, 204 Ark. 692, 163 S.W.2d 705 (1942). Accordingly, it is my opinion that it is within the purview of authority for a city council to restrict to certain times smoking on public property.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh