The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, AR 72401-0538
Dear Representative Allison:
This is in response to your request for an opinion on the following questions:
 1) Can property be declared a nuisance through a City Council Resolution?
 2) Should the Mayor or City Clerk be responsible for issuing a Notice of Condemnation?
It is my understanding that your first question is not directed toward the particular type of nuisance declaration issued by the city, i.e., resolution versus city ordinance. Rather, the inquiry focuses on whether a city council can act, whether through a resolution or by ordinance, to declare certain property to be a nuisance. In other words, as I understand it, the question is whether a city can abate a nuisance without judicial process or proceeding. I will thus respond with this clarification.
RESPONSE
Question 1 — Can property be declared a nuisance through a City CouncilResolution?
The answer to this question is, generally, "yes." A city council has general authority to abate a public nuisance directly, without resort to the courts. As stated in Corpus Juris Secundum, this so-called "right of summary abatement of nuisances" was an established principle of the common law. 66 C.J.S. Nuisances § 85 (1998); see also McLean v. FortSmith, 185 Ark. 582, 48 S.W.2d 228 (1932). It is also recognized that the state may, in the exercise of its police power, authorize public officials summarily to abate public nuisances. Id. at § 90. Cities of the first and second class in Arkansas are given the power under A.C.A. §§14-54-104(3)(D) and 14-54-105(3)(D) to "prevent, abate, or remove nuisances of every kind, and to declare what are nuisances. . . ." These provisions state further that "all nuisances may be proceeded against either by order of the city council or prosecution in the police court."Id. Regarding, specifically, buildings or houses that "have become dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare . . . [,]" A.C.A. § 14-56-203 authorizes cities of the first and second class to "order the removal or razing" thereof.
As a general proposition, therefore, it seems clear that property can be declared a nuisance by action of the city council. It is important to note, however, that in order to be subject to summary abatement as apublic nuisance, the thing abated must be in fact a nuisance. 66 C.J.S.,supra, at § 85. See also City of Springdale v. Chandler, 22 Ark. 167,257 S.W.2d 934 (1953); McLean v. Fort Smith, supra; Merrill v. City of VanBuren, 125 Ark. 248, 188 S.W. 537 (1916). As stated in Wilkins v. City ofHarrison, 218 Ark. 316, 320, 236 S.W.2d 82 (1951) (citing Merrill, supra):
 [A] municipal corporation cannot declare that to be a nuisance which is not such per se; in other words, no mere ipse dixit can convert that thing into a nuisance which is not such in fact.
Thus, the declaration that something is a nuisance "does not make it so."Wilkins, 218 Ark. at 320. The Arkansas Supreme Court has thus advised that "great caution should be exercised" in summary proceedings by a city council to abate a nuisance. Gaines v. Waters, 64 Ark. 609, 44 S.W. 353
(1898). This cautionary note was emphasized as follows in McLean v. FortSmith, supra:
 Whoever abates an alleged nuisance, and thus destroys or injures private property, or interferes with private rights, whether he be a public officer or private person, unless he acts under the judgment or order of a court having jurisdiction, does it at his peril; and, when his act is challenged in the regular judicial tribunals, it must appear that the thing abated was in fact a nuisance.
185 Ark. at 586 (emphasis added).
Question 2 — Should the Mayor or City Clerk be responsible for issuing aNotice of Condemnation?
This is a matter to be addressed by the city attorney, or counsel to whom the city ordinarily looks for advice. Whenever a protected interest, i.e., life, liberty, or property, is implicated, the accordance of due process is constitutionally mandated. See U.S. Const. Amend XIV § 1; Ark. Const. Art. 2, § 22. What process is due and appropriate is, however, a determination the city must make with reference to the particular circumstances.
It is possible that the city has enacted an ordinance that sets forth a means and procedure for abating nuisances, including a method of providing notice to property owners. Indeed, A.C.A. § 14-56-201, supra
(removal or razing of buildings) requires that cities "shall provide, by ordinance, the manner of removing and making these removals." It is clear, moreover, that in the absence of imminent danger to life, health, or safety, due process principles mandate that notice and a reasonable opportunity to abate the nuisance be given. 66 C.J.S., supra, § 85. However, the particular procedure in this regard is not established by state law. The city must, therefore, itself make this determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh