The Honorable Wilhelmina Lewellen State Representative 1922 Wolfe Street Little Rock, Arkansas 72202-6046
Dear Representative Lewellen:
I am writing in response to your request, made on behalf of a constituent, for an opinion concerning Section 20-2(a)(3) of the Little Rock City Code, which provides as follows:
 (a) It shall be unlawful for any person having supervision or control of any lot, tract, parcel of land or portion thereof, within the corporate limits of the city to suffer or permit any of the following:
 * * * (3) The open storage of an abandoned automobile unless such storage is in connection with an automotive sales or repair business enterprise which operates under a duly licensed and exhibited privilege license and located on a properly zoned parcel. In this subsection "abandoned automobile" means any motor vehicle or part thereof that is in a state of disrepair or incapable of being moved under its own power.
LITTLE ROCK, ARK., CODE § 20-2(a)(3) (1988). *Page 2 
The specific question posed is whether this section of the Little Rock Code is inconsistent with state law.
RESPONSE
The answer to this question is "no," in my opinion. Section 20-2(a)(3) of the Little Rock Code is not inconsistent with state law.
Cities of the first class are empowered to prevent nuisances and declare what constitutes a nuisance. This power arises out of A.C.A. § 14-54-104, which states in pertinent part:
 In order to better provide for the public welfare, safety, comfort, and convenience of inhabitants of cities of the first class, the following enlarged and additional powers are conferred upon these cities:
 * * * To prevent, abate, or remove nuisances of every kind, and to declare what are nuisances, and also to punish the authors or continuers thereof by fine or imprisonment, or both. However, no previous declaration shall be necessary as to any matter, act, or thing that would have been a nuisance at common law, and all nuisances may be proceeded against either by order of the city council or prosecution in the police court.
A.C.A. § 14-54-104(4)(D) (Repl. 1998). See also A.C.A. § 14-55-102
(Repl. 1998); A.C.A. § 14-54-901-904 (Repl. 1998 and Supp. 2007).
A city that acts pursuant to the above-stated authority by passing an ordinance must do so in a manner that is consistent with state law.See Ark. Const., art. 12, § 4; A.C.A. §§ 14-43-601, 14-54-101, and14-55-101. Your constituent has provided several examples to illustrate the perceived inconsistency between Little Rock Code § 20-2(a)(3) and state law, but in my opinion none is persuasive. Nor has my review yielded any other state law in conflict with this city code section.
The first and second examples involve A.C.A. § 27-50-1202, which is part of the body of law that sets forth the conditions and the procedure for conducting *Page 3 
nonconsensual tows of "unattended" or "abandoned" vehicles. A.C.A. §§ 27-50-1201-1215 (Repl. 1994 Supp. 2007). See id. at -1202(1) and (10) (Supp. 2007) (defining, respectively, "abandoned" and "unattended.") This state law sets forth highly detailed requirements for the removal and storage of towed vehicles and the means of disposing of such vehicles — all under the close supervision of the Arkansas Towing and Recovery Board created under the law (id. at — 1203 (Supp. 2007)).See Op. Att'y Gen. Nos. 2007-260; 2001-317. This body of law and the definitions thereunder in no way bear on Little Rock Code § 20-2(a)(3). The subject matter — removal of abandoned vehicles — is plainly distinct from the subject matter of the city code section at issue, which is concerned with prohibiting certain conditions maintained on "any lot, tract, parcel of land or portion thereof, within the corporate limits of the city. . . ." Id. at (a). The City's authority to legislate on the latter is well-established. E.g., A.C.A. § 14-54-104(4)(D); Phillips vs.Town of Oak Grove, 333 Ark. 183, 968 S.W.2d 600 (1998); Springfield v.City of Little Rock, 226 Ark. 462, 290 S.W.2d 620 (1956).
The third and fourth examples involve A.C.A. § 27-15-2201 — 2209 (Supp. 2007), which address various matters pertaining to vehicles of "historic or special interest." This body of law is concerned with the registration, licensing, titling and use of such vehicles. Id. at -2202 to -2204 and -2206. As your constituent notes, this law includes a provision regulating the storage of vehicles and "parts cars" by collectors.[1] Section 27-15-2207 states:
 Subject to land use regulations of a county or municipality, a collector may store any vehicles, licensed or unlicensed, operable or inoperable, on his or her property if:
 (1) The vehicles, parts cars, and any outdoor storage areas are maintained in such a manner that they do not constitute a health hazard; and *Page 4 
 (2) The vehicles are located away from ordinary public view or are screened from ordinary public view by means of natural objects, fences, plantings, opaque covering, or other appropriate means.
A.C.A. § 27-15-2207 (Supp. 2007) (emphasis added).
It is clear from the language emphasized above that this state law recognizes the primacy of local land use regulations with respect to the storage of any vehicles. Little Rock Code § 20-2(a)(3) is plainly a land use regulation, and as such will prevail in the event of a conflict with A.C.A. § 27-15-2207. Whether or not such a conflict exists may require interpretation of the term "open storage" under the Little Rock Code section, and may involve questions of fact. I am not empowered as a fact finder in the issuance of official Attorney General Opinions. Nor am I positioned to undertake the interpretation of this local code. The interpretation of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to consider and address. This is a matter within the local domain, rather than the domain of this office. An interpretation of the Little Rock Code section that is relevant to your question must therefore ultimately be handled locally, or through a medium that can consider local matters, such as a court.
The fifth example that has been offered to support the contention that Little Rock Code § 20-2(a)(3) is in violation of state law includes reference to a comment by one of my predecessors that "the declaration that something is a nuisance `does not make it so.'" Op. Att'y Gen.99-079 (quoting Wilkins v. City of Harrison, 218 Ark. 316, 320,236 S.W.2d 82 (1951)). This comment was in the context of the very general question of whether certain property can be declared a nuisance through a city council resolution, that is, through summary abatement proceedings without judicial process. Op. 99-079 at 1-2. The question concerning Little Rock Code § 20-2(a)(3), on the other hand, requires recognition of the City's authority to legislate under the police power in the interest of the public health and safety. Such legislation must be reasonably necessary to effectuate the police power and must not be an arbitrary enactment. See generally Phillips v. Town of OakGrove, 333 Ark. 183, 190, 968 S.W.2d 600 (1998); Springfield v. City ofLittle Rock, 226 Ark. 462, 290 S.W.2d 620 (1956); Op. Att'y Gen. Nos. 2005-129 and 93-343. The Arkansas Supreme Court in Phillips, supra, described a municipality's "police power," exercised pursuant to an express grant in A.C.A. § 14-55-102, in pertinent part as follows: *Page 5 
 In Springfield v. City of Little Rock, 226 Ark. 462, 290 S.W.2d 620 (1956), we recognized the city's plenary duty to exercise its police power in the interest of the public health and safety of its inhabitants. Id. at 464-65, 290 S.W.2d at 622. The police power of the state is founded in public necessity and this necessity must exist in order to justify its exercise. Id. It is always justified when it can be said to be in the interest of the public health, public safety, public comfort, and when it is, private rights must yield to public security, under reasonable laws. City of Little Rock v. Smith, 204 Ark. 692, 695, 163 S.W.2d 705, 707 (1942) (quoting Beaty v. Humphrey, 195 Ark. 1008, 115 S.W.2d 559
(1938). The State has authorized the municipalities to legislate under the police power in Ark. Code Ann. § 14-55-102 (1987). That section provides, "Municipal corporations shall have the power to make and publish bylaws and ordinances, not inconsistent with the laws of this state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof."
 * * * [J]udicial review of a legislative enactment is limited to determining whether the legislation is arbitrary, capricious, and unreasonable. . . . The legislation is not arbitrary if there is any reasonable basis for its enactment.
333 Ark. at 189-90.
The City of Little Rock thus has considerable discretion to determine what is necessary for the public welfare, safety and convenience of its inhabitants. Unless this discretion is exercised in an arbitrary, capricious, and unreasonable manner, it appears that the courts will not interfere. As was also noted in Phillips, ordinances are presumed valid, and "[t]he party alleging that legislation is arbitrary has the burden of proving that there is no rational basis for the legislative act. . . . Id. at 195. See also City of Fort Smith v. Van Zandt, 197 Ark. 91, 95122 S.W.2d 187 (1938) (noting the presumption in favor of an ordinance enacted under the police power.) *Page 6 
In my opinion, Little Rock Code § 20-2(a)(3) is not inconsistent with state law. If challenged, it would in my opinion likely be upheld based on the foregoing.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] "Collector" under this law means "the owner of one (1) or more motor vehicles of historic or special interest who collects, purchases, acquires, trades, or disposes of those vehicles, or parts thereof, for his or her own use in order to preserve, restore, and maintain a vehicle or vehicles for hobby purposes[.] A.C.A. § 27-15-2201(1) (Supp. 2007). "Parts car" means "a motor vehicle generally in nonoperable condition which is owned by a collector to furnish parts that are usually not obtainable from normal sources, thus enabling a collector to preserve, restore, and maintain a vehicle of historic or special interest."Id. at (3). *Page 1